ALTON FITZGERALD, Respondent-Appellant, *v.* STATE OF NEW YORK et al., Appellants-Respondents. (Claim No. 33694.)

Third Department, December 31, 1959.

*Irving H. Lessen* for respondent-appellant.

*Thomas F. Moore, Jr., John R. Davison, Edward L. Ryan* and *Scott B. Lilly* for the Power Authority of the State of New York, appellant-respondent.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for the State of New York, appellant-respondent.

*Per Curiam.* Appeal by the State and by the State Power Authority from a judgment of the Court of Claims which awarded claimant compensation for the appropriation of his lands for purposes of the Authority; and cross appeal by claimant on the ground of the inadequacy of the award. The facts are stated in the comprehensive opinion of the trial court. (10 Misc 2d 1046.)

On this record, it was error to give effect to " some enhancement " in the value of claimant's lands occurring after the United States became committed to the seaway project in the St. Lawrence River, upon the finding that claimant " could not at any time have definitely known that his land would have been included in any navigation or power development project ". As authority, the court cited *United States* v. *Miller* (317 U. S. 369) in which, however, the rule is stated (at p. 377) as follows: " The question then is whether the respondents' lands were probably within the scope of the project from the time the Government was committed to it. If they were not, but were merely adjacent lands, the subsequent enlargement of the project to include them ought not to deprive the respondents of the value added in the meantime by the proximity of the improvement. If, on the other hand, they were, the Government ought not to pay any increase in value arising from the known fact that the lands probably would be condemned." The evidence is insufficient to satisfy the test of enhancement value thus imposed and claimant has, therefore, failed to sustain the burden of proof as to that claimed element of damage. In our view, however, the record, and particularly the proof of the return from the business conducted on the premises, does sustain the finding of damage of $39,000, without inclusion of any appreciation attributable to either project. We further find that amount to be adequate.

We are satisfied that the reception of proof of the amount of the partial payment made to claimant in no way prejudiced or otherwise affected the court's determination of damage.

In view of our conclusions as to the issues involved, consideration of neither the sketches nor the manual submitted on the argument over claimant's objection would aid appellants' case and we have not had recourse to either of them. Consequently, claimant's objection becomes academic as do the other procedural objections raised in his brief.

488

The judgment should be unanimously affirmed, with costs to claimant-respondent-appellant.

FOSTER, P. J., BERGAN, COON, GIBSON and REYNOLDS, JJ., concur.

Judgment affirmed, with costs to claimant-respondent-appellant.

Settle order.