Richard S. Heller, J.
Claimant Robert L. Frego was the owner of record and Kenneth Frego and Buby Frego were the purchasers by contract of a 239-acre farm located on both sides of the North Grass River Bond in the Town of Massena, St. Lawrence County, New York.
In 1955 the farm was made up of two smaller farms which had been acquired by Bobert L. Fregó: one, the Payne farm in 1919 and the Bridges farm in 1948.
In 1955, 1956 and 1957 certain portions of the farm were appropriated, pursuant to section 30 of the Highway Law as made applicable by title 1 of article 5 of the Public Authorities Law.
Map No. 73, Parcel No. 99 of the St. Lawrence River Project, St. Lawrence County, appropriated 75.66± acres, in fee, on September 1, 1955. This acreage was taken from the easterly *1095 part of claimants ’ land and was a part of the original Bridges farm. Located on this appropriation was an old house. The land was classified by the State as 50± acres of tillable land and pasture and 26± acres of woods. This is included in Claim No. 34793.
Map No. 74, Parcel No. 100 of the same project appropriated 33.78± acres, in fee, on November 22, 1955. This acreage was taken from the northerly part of the original Payne farm. There were no buildings on this appropriated land which was classified by the State as 27.76± acres of pasture and 6± acres of woodland. This is included in Claim No. 34793.
Map No. 175, Parcel No. 2262 of the same project appropriated 0.15± acres by permanent easement on November 17, 1955, for the purpose of constructing, reconstructing and maintaining an electric transmission line, together with appurtenances. There is a reservation to the owner of the right and privilege to use the property providing that in the opinion of the Power Authority such use does not interfere or prevent the user and exercise of the rights for which the easement was taken. This appropriation isolated a small piece of land owned by the claimants of approximately 0.07± acres. The appropriation was taken from the northwesterly part of the Payne farm and was a strip of land 50 feet by 125 feet running from appropriated Parcel 100 westerly to the westerly boundary of claimants’ land. This is from Claim No. 34793.
Map No. SL-1, Parcel No. 2 of the same project appropriated 0.66± acres on December 20, 1956 by permanent easement for transmission lines. There was a reservation to the owner as in Parcel No. 2262 of Map 175. The appropriation was a strip of land 125 feet by 229 feet running from the northerly side of the North G-rass River Road to the westerly boundary of claimants’ land formerly of Payne. This is included in Claim No. 34793.
Map No. SL-1, Parcel No. 4 of the same project appropriated 2.01 ± acres on December 20, 1956 by permanent easement for transmission lines. There was a reservation of use to the owner as in Parcel No. 2262, Map No. 175. The appropriation was a strip of land 125 feet by 677 feet running from the southerly side of North Grass River Road to the southerly boundary of claimants’ land. This is included in Claim No. 34793.
Map No. SL-11, Parcel No. 61 of the same project appropriated 4.5± acres on October 1, 1957 by permanent easement for transmission lines. There is a reservation to the owner as in Parcel No. 2262 of Map No. 175. The appropriation was a strip of land 400 feet wide of varying depths and adjoined Parcel *1096 No. 2 of Map No. SL-1. It ran from the northerly side of the North Grass River Road to the westerly boundary of the former Payne farm. This is included in Claim No. 36293.
Map No. SL-13, Parcel No. 63 of the same project appropriated 7.89± acres on October 1, 1957 by permanent easement for transmission lines. There is a similar reservation here as in Parcel No. 2262 of Map No. 175. The appropriation was a strip of land 400 feet wide and approximately 850 feet long running from the southerly border of the North Grass River Road to the southerly boundary of the old Payne farm which is now owned by the claimants. This is included in Claim No. 36293.
Claim No. 34793 was duly filed on August 2, 1957 and has not been assigned. Claim No. 36293 was duly filed on January 22, 1959 and has not been assigned. The court has viewed the premises.
Claimants contend that the best available use of their land prior to the appropriation was for industrial purposes. All of the values expressed by their appraisers were in industrial terms. The State, on the other hand, deals solely with farm use, ignoring sales of cottage lots which overlooked the Grass River and the value to claimants’ farm operation of certain rights they had on land owned by the St. Lawrence River Power Company which bordered the Grass River. It is also noted that the State’s experts have placed an extremely low value on a house located on Parcel No. 99 without ever having seen the building.
Claimants also contend that their farm fronted on the Grass River. The extent of their interest in the Grass River is spelled out in the reservation of the original owner of the farm and is restricted and limited to ‘ ‘ access to the Grass River as increased across said lands for farm purposes and the right to cut and harvest any grass that may grow naturally thereon, that is not destroyed by any increased flow of water or other operations of The. Saint Lawrence River Power Company, its successors and assigns.” The court finds claimants have no further interest in the Grass River than has been set forth above.
All of the property appropriated was within the area of the so-called Seaway Project which the court has reviewed in Fitzgerald v. State of New York (10 Misc 2d 1046, affd. 9 AD 2d 486).
The claimants are not entitled to any enhancement of value which was created by the project for which the property was appropriated. (United States v. Miller, 317 U. S. 369.) The commencement of a public improvement project cannot change the character of the appropriated land at the time of appropri *1097 ation even though the project may have created a limited demand for industrial sites in areas outside the improvement.
The court finds that the best available use of most of the property at the time of the appropriation was for dairy farm purposes. The court further finds that the claimants were deprived of cottage or trailer lots overlooking the G-rass River by the appropriation of Parcel No. 63 and to a much lesser extent by the appropriation of Parcel No. 99. In so finding the court does not indicate that these are the most desirable cottage or trailer lots but that there was a possible demand for this purpose.
In arriving at claimants’ damage the court has taken into consideration all of the testimony of the appraisers, the comparable sales, the value of the cottage lots overlooking the G-rass River, the value of the access to the G-rass River as it affects a going dairy farm, the rental value of claimants’ house on Parcel No. 99, the possible cost of repairs of the same house, the remainder value of the farm, the value of the use affected by the easement, the productivity and fertility of the acreage, the buildings and their usefulness before and after the appropriation, the isolated and separated parcel, the destruction of the farm as a going dairy operation, the location of the farm and the knowledge gained by the court in viewing not only these premises but many more taken for the Seaway Project and which have been previously adjudicated.
It is the opinion of the court that the fair and reasonable market value of claimants’ land and buildings prior to the , appropriation was $38,500 and the after value was $15,000. Claimants have been damaged in the sum of $23,500 and are entitled to an award in that sum with appropriate interest.
Some evidence was given that there had been an actual de facto appropriation prior to filing the maps. The court finds that in any event claimants are not entitled to more than the statutory interest of six months after notice on filing of the maps. The court adopts September 1,1955 as the date of appropriation of Parcels Nos. 99 and 100 and the date of filing with the County Clerk of the other parcels as the appropriation date.
In Claim No. 34793, for the appropriation of Parcels Nos. 99 and 100, claimants are entitled to the sum of $19,150, with interest from September 1, 1955 to March 1, 1956, and from August 2, 1957 to the date of entry of judgment.
In Claim No. 34793, for the appropriation of permanent easement Parcel No. 2262, claimants are entitled to the sum of $25, with interest from November 17, 1955 to May 17,1956, and from August 2, 1957 to the date of entry of judgment.
*1098 In Claim No. 34793, for the appropriation of permanent easements Parcels Nos. 2 and 4, the claimants are entitled to the sum of $325, with interest from December 20, 1956 to June 20, 1957, and from August 2, 1957 to the date of entry of judgment.
In Claim No. 36293, for the appropriation of permanent easements Parcels Nos. 61 and 63, the claimants are entitled to the sum of $4,000, with interest from October 1, 1957 to April 1, 1958, and from January 22,1959 to the date of entry of judgment.
The court adopts as accurate the description of the property taken as shown on the maps and made a part of the claims herein.
Should either party desire to file additional or different findings, the court will mark the same if received within 30 days as stipulated by the parties.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. Let judgment be entered accordingly.