■ FRANK RODGERS, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Respondents.—Judgment of the Supreme Court, Nassau County, entered August 31, 1978, affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Niehoff at Special Term. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.

■ ROSETON HILLS SEWAGE-WORKS CORP., Respondent, v MIKE LEITMAN et al., Defendants, and CHARLES S. BALDWIN et al., Appellants.—In a condemnation proceeding, the defendants Baldwin appeal from a final order and judgment (one paper) of the Supreme Court, Orange County, dated July 11, 1978, which, after a nonjury trial, inter alia, fixed the compensation for the taking. Final order and judgment, modified, on the law, by adding a provision thereto awarding costs in the Supreme Court to the appellants, with costs to the respondent on this appeal. Trial Term erred only in not awarding costs to the appellants, pursuant to subdivision 2 of section 16 of the Condemnation Law, since no offer of compensation was made by respondent to the appellants prior to initiation of the condemnation proceeding. Mollen, P. J., Suozzi, O'Connor and Mangano, JJ., concur.

■ JAMES SHUGERTS, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Respondents.—Judgment of the Supreme Court, Nassau County, entered September 1, 1978, affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Niehoff at Special Term. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.

■ PHILIP SILVERMAN, et al., Appellants, v NEPTUNE FURNITURE WESTBURY CORP. et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, entered May 17, 1978, which denied their motion to renew their prior motion to increase the ad damnum clause. Order reversed, with $50 costs and disbursements, motion to renew granted and upon renewal, order denying a motion to increase the ad damnum clause vacated and said motion granted. Defendants, if so advised, may conduct a further examination before trial and a further physical examination of plaintiff Philip Silverman, upon 10 days' written notice of the time and place of the respective examinations, or at such times and places as the parties may agree upon. We find no prejudice to defendants inasmuch as Special Term granted leave to the plaintiffs to amend their bill of particulars so as to show more severe injuries. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.