■ VILLAGE OF PORT CHESTER, Respondent, v ANTONIO MAR-INO, Appellant.—In an eminent domain proceeding the claimant appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County (Sullivan, J.), entered September 12, 1984 awarding him the principal sum of $286,000, with stated interest as compensation for the taking.

Judgment modified, on the law, by adding a provision thereto awarding costs in the Supreme Court to the appellant. As so modified, judgment affirmed, without costs or disbursements on this appeal, and matter remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

The subject property is located in the Village of Port Chester, County of Westchester. The village acquired it in this urban renewal condemnation on December 8, 1982. The claimant's appraiser reported that it was being used as a service station, for storage space and garage use, and as a used car lot, and he valued it accordingly. His ultimate valuations were: by the income approach—$420,000 (as of July 1, 1983), by the direct sales comparison approach—$420,000 (as of July 1, 1983), and by the cost approach—$425,000 (as of July 1, 1982). He pointed out serious weaknesses in the cost and market approaches, and concluded that the income approach was "the best approach to value". Thus, his final conclusion was that the property had a value of $420,000 "as of July 1, 1983"—although at the trial he testified that his valuations were as of the *taking date.*

The village's appraiser valued the property at $245,000 under a cost approach and $286,000 under a market approach; he gave the latter the greatest reliance and his final conclusion was that the property was worth $286,000.

The trial court rejected the claimant's expert's testimony and appraisal report, since it failed to provide the " 'facts, figures and calculations by which the conclusions were reached' " as required by the rules of this court (22 NYCRR 678.1 [d]), and because it was based on unsupported conclusions. We find no basis for disturbing the court's determination on that issue.

To do justice, the court then turned to the appraisal report of the village's expert, found it adequate, concluded that the value of $286,000 arrived at by the market approach was the best indication of value in this case, and, based thereon, awarded the claimant $286,000. An examination of the village's expert's report discloses that he supported his appraisal

with facts, figures and adjustments, and we can find no error in the trial court's determination that his appraisal reflected the fair market value of the property.

However, the condemnor is required to make a written offer to the condemnee to acquire the property for 100% of the amount which the condemnor believes to represent just compensation for the real property to be acquired (EDPL 303). Here, the village's appraiser valued the property at $245,000 under a cost approach and $286,000 under a market approach, and his final conclusion was that the property was worth $286,000. But the condemnor paid claimant $230,000 only, alleging that that was 100% of the village's highest approved appraisal. That being so, the claimant should have been awarded costs in the Supreme Court (see, Roseton Hills Sewage-Works Corp. v Leitman, 69 AD2d 834). Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.