Victor H. Samuelson, Respondent, v. Salamanca Urban
Renewal Agency, Appellant.

Fourth Department, June 25, 1970.

Shane & McCarthy (David M. Franz of counsel), for appellant.

Wade & Kehoe (Loren L. Bly of counsel), for respondent.

Henry, J. Defendant appeals from a judgment of Cattaraugus Trial Term which awarded plaintiff the contract amount for his services as a real estate appraiser. By the contract plaintiff agreed to prepare an urban renewal project acquisition appraisal respecting purchase of approximately 32 parcels of real property in the project area in such adequate comprehensive form and content as to be used by the agency for the purchase or condemnation of each parcel included, stating his opinion as to the fair market value thereof and all other elements of value recognized by the courts in condemnation proceedings, so complete and so sufficient as to make the agency aware of all elements of value involving each parcel. Defendant agreed that upon supplying such appraisal to its satisfaction it would pay plaintiff $5,100.

The judicial decisions of the courts in condemnation proceedings are incorporated into the contract by its terms and it is to be construed in the light thereof (Slocovich v. Orient Mut. Ins. Co., 108 N. Y. 56; 2 Clark, New York Law of Contracts, § 804,

p. 1197; 4 Williston, Contracts [3d ed.], § 615; 6 Simpson and Duesenberg, New York Law, Contracts, § 809, p. 475). Such decisions hold that there are three recognized methods of appraising real property in condemnation proceedings: reproduction cost less depreciation, market value based on sales of comparable property, and capitalization of net income. Reproduction cost as a measure of value is limited to a specialty which is a building designed for a unique purpose and which produces income only in connection with the business conducted in it (*Matter of City of New York [Lincoln Sq. Slum Clearance Project]*, 15 A D 2d 153, 171, affd. 12 N Y 2d 1086; *Matter of City of New York [First Elephant Estates-La Hermosa Church]*, 17 A D 2d 317, 319, 320). If it would produce income if leased for some appropriate use it is not a specialty and it must be appraised by the economic approach (capitalization of net income) (*Matter of City of New York [De Nigris-De Nigris Realty Corp.]*, 20 A D 2d 42) which is the proper method of appraising buildings on rented property (*Matter of Elmhurst Towers v. Tax Comm. of City of N. Y.*, 34 A D 2d 570; *Guthmuller v. State of New York*, 23 A D 2d 597; *Svoboda v. State of New York*, 24 A D 2d 915). It requires a determination of the gross annual income value of the property, which may be based on evidence of actual rents paid and rents received on comparable buildings, from which the estimated annual expenses and allowance for vacancies are deducted to show the annual net income; a percentage of land value is deducted as return to land and the remainder is capitalized at a proper percentage to show the value of the building (*Motsiff v. State of New York*, 32 A D 2d 729, affd. 26 N Y 2d 692; *Matter of City of New York [First Elephant Estates-La Hermosa Church]*, supra, p. 322).

All land is required to be appraised at its fair market value which is found by considering the price paid for the property and the sales of comparable properties (*Matter of City of New York [Lincoln Sq. Slum Clearance Project]*, 15 A D 2d 153, 162, affd. 12 N Y 2d 1086, supra). "Generally fair market value is determined by reference to the sales prices of similar parcels in the area" (*Matter of City of New York [Shorefront High School-Rudnick]*, 25 N Y 2d 146, 148). The appraiser must demonstrate the comparability of sales of other property and if he fails to do so his appraisal is no more than a conclusory ultimate valuation lacking any demonstrated foundation or factual support and must be rejected as without probative force (*Fredenburgh v. State of New York*, 26 A D 2d 966; *Fleetwood Maps Corp. v. State of New York*, 28 A D 2d 1026).

The appraisals supplied by plaintiff gave a land value of each parcel without supporting it by any proper evidence of sales of comparable properties and also gave an estimated amount of the depreciation thereof. Although 22 of the parcels were income producing properties an income approach appraisal was supplied for only one of them. The appraisals of the land were inadequate because they lacked any proper evidence of sales of comparable properties (*Fredenburgh* v. *State of New York, supra*; *Fleetwood Maple Corp.* v. *State of New York, supra*). The properties are on an Indian Reservation and are held under long term renewable leases. Plaintiff reported that they must be evaluated in the same manner as property whose title is held in fee simple. While the nature of the titles is unusual, this does not make the property unique. The term " specialty " is not concerned with the nature of the title but with the design and use of the building on the property. Of the 29 properties appraised by respondent none was shown to be a specialty and respondent's appraisal purporting to show their reproduction cost less depreciation served no useful purpose in the valuation thereof (*Evans* v. *State of New York*, 31 A D 2d 565).

We find that plaintiff failed to perform the contract. He failed to supply a report sufficient for use in condemnation proceedings and did not include therein all elements of value recognized by the courts in such proceedings. In fact his report was entirely inadequate for such use and purpose.

Defendant's motion to dismiss the complaint made at the close of plaintiff's case and renewed at the close of the evidence should have been granted. By no rational process could a jury base a finding in favor of plaintiff on the evidence.

The judgment should be reversed on the law, without costs and the complaint dismissed.

GOLDMAN, P. J., WITMER, GABRIELLI and BASTOW, JJ., concur.

Judgment unanimously reversed on the law, without costs and complaint dismissed.