■ STELLA PELINO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 40453.)—Appeal from a judgment, entered May 6, 1966, upon a decision of the Court of Claims. Claimant owned 7.114 acres of undeveloped land in the Town of Vestal, Broome County, New York, consisting of five noncontiguous irregularly shaped parcels, divided into 50 lots on a subdivision map filed in the Broome County Clerk's office in 1924. The proposed streets on the subdivision map had not been accepted by the Town of Vestal. Sixteen lots were cleared and graded level. The remaining 34 lots were rolling land covered with brush. On May 19, 1960 the State appropriated all of claimant's property in a proceeding described as Vestal-Vestal Center, Choconut State Highway No. 8331 (Broome County, May No. 78, Parcels Nos. 136, 147, 152, 154 and 162). On the trial the appraiser for both the claimant and the State testified that the highest and best use of the property was residential and the court properly so found. The claimant concedes on appeal that the highest and best use of the subject property is residential. Claimant's appraiser predicated his opinion as to the value of the subject property on the sale price of other properties alleged to be comparable. The record demonstrates that the other properties were not comparable. Claimant frankly concedes that the sales used by her appraiser as comparables were in fact not comparable and no adjustments were made in the differences between the subject property and the so-called comparables. The claimant concedes that the method of evaluation of the subject property by her appraiser was erroneous. The court was justified in rejecting the expert opinion of claimant's appraiser *(Samuelson v Salamanca Urban Renewal Agency,* 34 AD2d 369; *Ridgeway Assoc. v State of New York,* 32 AD2d 851). Claimant claims on appeal that the method of evaluation adopted by the State's appraiser was inappropriate. A proper evaluation under the circumstances requires a determination on a lot basis of the ultimate value of a subdivided lot with full services and then to subtract the costs of development. In a similar situation this court said: "In such a situation a distinction between raw acreage and a subdivision value should not be too tightly drawn. The end rule in every condemnation proceeding is that an owner is entitled to receive the fair market value of property taken from him based on the most advantageous use to which it can be put" *(Hazard Lewis Farms v State of New York,* 1 AD2d 923, 924). The State's appraiser predicated his opinion in part on the sale of adjacent property in September, 1958 of 90.18 acres of which 45 acres were open and rolling land and 45 were wooded hillside, which were subdivided into approximately 158 lots. Both the comparable and subject property were in a similar state of development in that they were both "paper subdivisions". After proper adjustments the appraiser for the State arrived at a value of the subject property of $2,500 per acre and a value of $17,800 for the entire subject property. The court would have been justified in finding the value of claimant's property as $17,800 *(Ridgeway Assoc. v State of New York, supra).* As the expert testimony of the claimant should have been or was rejected by the court, there was no range of testimony within which an award appeared justified. The court does not specifically explain the increase in the award from $17,800 to $21,500. If there was error on the part of the court, it was not error prejudicial to claimant, but only prejudicial to the State. The State has not appealed or cross-appealed, but has urged on this appeal that the judgment of the court be affirmed. On this appeal we find no error on the part of the court prejudicial to the claimant. Judgment

affirmed, with costs. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.