Kenneth G. SCHMOEGER and Mary E. Schmoeger, Plaintiffs,

v.

**ALGONQUIN GAS TRANSMISSION CO., Defendant.**

**No. 91 Civ. 3104 (VLB).**

United States District Court, S.D. New York.

Oct. 2, 1992.

Stephen J. Cole–Hatchard, New York, N.Y., for plaintiff.

Joel H. Sachs, Plunkett & Jaffe, PC, White Plains, N.Y., James T. Finnigan, Rich, May, Bilodeau & Flaherty, Boston, Mass., for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiffs brought this action to challenge assertedly improper expansion of the activities of a gas compressor facility in Stony Point, New York and its operation in such a way as to produce excessive noise, vibration, and harm to their nearby properties. Defendant has moved for summary judgment.

■ Defendant's facility is subject to regulation by the Federal Energy Regulatory Commission ("FERC"). On December 29, 1989 defendant applied for a certificate permitting it to construct and operate a third additional compressor at the site. Notice of the application was published in the Federal Register and the certificate was ultimately issued. While objections to the application were made by several parties, plaintiffs did not object, nor intervene in any way in the FERC proceeding. Plaintiffs are thus barred from collateral attack on the certificate. See *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255 (10th Cir.1989), *cert. denied* 497 U.S. 1003, 110 S.Ct. 3236, 111 L.Ed.2d 747.

To the extent that plaintiffs seek to attack the implementation of the certificate granted by the regulatory agency, they are precluded by the FERC action. By order of February 7, 1992 I denied a request for injunctive relief in this case on this ground and granted leave for defendants to make their present motion concerning plaintiffs' money damage claims. Now that the damage issues are before me, I reach the same conclusion. If implementation of the very acts for which approval was granted could be the basis for damage suits, an impermissible chilling effect on carrying out the purposes of federal regulatory decisions would be created. *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984) makes it clear that state law claims are preempted not merely where Congress has demonstrated "an intent to occupy a given field," but also where state law conflicts with federal law, or would stand "as an obstacle to the accomplishment of the full purposes and objectives of Congress." (citations omitted).

An analogous situation confronted the courts when rates filed by utilities and

**1086**

approved by regulatory bodies were challenged in antitrust damage suits; those suits were held to be barred by the regulatory structure. *Square D Co. v. Niagara Frontier Tariff Bureau,* 476 U.S. 409, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986), *aff'g in part* 760 F.2d 1347 (2d Cir.1985), and reaffirming *Keogh v. Chicago & N.W. Ry.,* 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183 (1922) (establishing the so-called filed rate doctrine protecting carriers from suit for effectuating approved freight rates).

■ Plaintiffs, however, also allege violation of FERC regulations and improper operation of the facility, thus going beyond an attack on defendant's right to implement its FERC-approved certificate. In such circumstances, depending on the facts involved, specific relief sought, and legal doctrines applicable, recourse may be available (a) from FERC, (b) from this court, or (c) in state courts. *Silkwood* indicates that where a regulated entity goes beyond performing pursuant to the specific authority granted and operates a facility improperly, an injured party may be entitled to pursue state law claims, if the same relief is not available under the particular circumstances from the agency. See generally Note, 58 Colum.L.Rev. 673 (1958).

It would be "difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct." *Silkwood,* 464 U.S. at 251, 104 S.Ct. at 623; see *Construction Workers v. Laburnum Co.,* 347 U.S. 656, 663–64, 74 S.Ct. 833, 836–38, 98 L.Ed. 1025 (1954). Thus, nuisance and similar common law remedies may be available in such a case, "but these must be for *wrongs,* as in *Silkwood ...*" *Bieneman v. Chicago,* 864 F.2d 463, 472 (7th Cir.1988) (emphasis in original).

## II

■ Plaintiffs' problem in opposing this motion is that they have submitted no concrete evidence showing wrongs committed by defendant, as required by *Bieneman, supra.* Instead, plaintiffs rely almost entirely on conclusory allegations in their verified complaint. Plaintiffs do not assert the need for additional discovery.

No detailed, specific facts are set forth in plaintiffs' papers. For example, although damage to plaintiffs' buildings is claimed, no dates of cracking, location of sites of individual particularized events, adverse consequences of the damage such as water leaks, or other information of similar degree of specificity are provided. Nor are any photographs or other similar exhibits attached to any of plaintiffs' papers in opposition to the present motion.

■ A complaint which might if challenged pass muster as sufficient to withstand a motion to dismiss it on its face under Fed.R.Civ.P. Rule 12 does not, by being verified, automatically suffice to establish a genuine issue of material fact under Rule 56. Instead, parties with the burden of proof such as plaintiffs here, when challenged by a motion for summary judgment, must submit evidence (even if not necessarily in admissible form) which if uncontradicted would show an entitlement to relief. Absent such evidence, no genuine issue of material fact has been established, and the moving party is entitled to judgment dismissing the claims involved. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); see also *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12, 15 (2d Cir.1986) (speculative allegations insufficient).

Applying this standard here, plaintiffs' complaint is dismissed for failure to show evidence of a set of facts which would entitle them to relief. The clerk is directed to close this case.

SO ORDERED.