OPINION OF THE COURT
 

 Bellacosa, J.
 

 Appellants are claimants who seek direct and consequential market value damages for a high voltage power line easement acquired by the Power Authority of the State of New York (PASNY) over their Delaware County property. The only issue before us centers on the claim for consequential damages, based on the claimants’ assertion that "cancerphobia” and the public’s perception of a health risk from exposure to electromagnetic emissions from power lines negatively impact upon the market value of their property and "will render the remainder valueless.” They argue that they should not have to prove the "reasonableness” of this perception as a separate, additional component of diminished market value. We agree and reverse the order of the Appellate Division.
 

 A bit of procedural context is necessary. For purposes of establishing consequential damages from "cancerphobia,” claimants here successfully moved to have their claim tried together with 47 other similar claims in a case with the lead title of
 
 Zappavigna v State of New York.
 
 The Court of Claims in
 
 Zappavigna,
 
 as affirmed by the Appellate Division (186 AD2d 557), held,
 
 inter alia,
 
 that claimants had not met their burden of proving that the "cancerphobia” was reasonable, and therefore denied consequential damages. Nonetheless, claimants-appellants here are not precluded from raising the issue of whether reasonableness of a perceived danger must be proven in an eminent domain proceeding. The determination of the reasonableness aspect of the evidentiary issue in
 
 Zappavigna
 
 became an integral part of each claimant’s case. It does not bind and bar the present claimants-appellants because of the limited purpose of the joint trial arrangement and because the claimants-appellants here had no independent right to appeal and seek discrete review of the evidentiary issue.
 

 Thus, we conclude that the evidentiary issue is before us pursuant to this Court’s grant of leave to appeal. We must thus resolve whether proof of reasonableness is required before a claimant can recover consequential damages for an eminent domain taking of property, whose value may be affected by a perceived public fear of danger or of health risks.
 

 We are satisfied that there should be no requirement that
 
 *652
 
 the claimant, as a separate and higher component of its market value proofs, must establish the reasonableness of a fear or perception of danger or of health risks from exposure to high voltage power lines. The issue in a just compensation proceeding is whether or not the market value has been adversely affected
 
 (see, San Diego Gas & Elec. Co. v Daley,
 
 205 Cal App 3d 1334, 253 Cal Rptr 144;
 
 see generally,
 
 4A Nichols, Eminent Domain § 14.02 [1] [b], at 14-30 [Sackman 3d ed 1993]). This consequence may be present even if the public’s fear is unreasonable. Whether the danger is a scientifically genuine or verifiable fact should be irrelevant to the central issue of its market value impact. Genuineness and proportionate dollar effects are relevant factors, to be sure, but in the usual evidentiary framework. Such factors should be left to the contest between the parties’ market value experts, not magnified and escalated by a whole new battery of electromagnetic power engineers, scientists or medical experts. "Adverse health effects vel non is not the issue in eminent domain proceedings: full compensation to the landowner for the property taken is”
 
 (Florida Power & Light Co. v Jennings,
 
 518 So 2d 895, 897 [Fla]). As the Court of Appeals of Kansas has noted:
 

 "Logic and fairness * * * dictate that any loss of market value proven with a reasonable degree of probability should be compensable, regardless of its source. If no one will buy a residential lot because it has a high voltage line across it, the lot is a total loss even though the owner has the legal right to build a house on it. If buyers can be found, but only at half the value it had before the line was installed, the owner has suffered a 50% loss”
 
 (Willsey v Kansas City Power & Light Co.,
 
 6 Kan App 2d 599, 611, 631 P2d 268, 277-278).
 

 Thus, relying on
 
 Willsey,
 
 the Supreme Court of Kansas concluded, and we agree, that "evidence of fear in the marketplace is admissible with respect to the value of property taken without proof of the reasonableness of the fear”
 
 (Ryan v Kansas Power & Light Co.,
 
 249 Kan 1, 7, 815 P2d 528, 533).
 

 Although this issue is a matter of first impression in this Court, it has been well ventilated in sibling jurisdictions whose precedents offer some useful instruction. The Court of Appeals of Kansas summarized the three prevailing views as of 1981 in
 
 Willsey v Kansas City Power & Light Co.
 
 (6 Kan
 
 *653
 
 App 2d 599, 631 P2d 268,
 
 supra).
 
 The
 
 Willsey
 
 court noted that the characterizations and labels attached to the varieties of test are inaccurate. Thus, the so-called "majority” view, in which evidence of the effect on market value of a fear of danger from power lines was unequivocally rejected, was actually followed by only four States in 1981
 
 (id.,
 
 631 P2d, at 273-274 [Ala, Fla, Ill, W Va]). In contrast, the "minority” view, in which such evidence is routinely admitted on a simple showing that the fear exists and affects market value, was followed by 11 States and the Sixth Circuit
 
 (id.,
 
 631 P2d, at 274 [Ark, Cal, Ind, Iowa, La, NC, Ohio, Okla, SD, Va, Wash]). In these jurisdictions, the reasonableness of the fear is either assumed or deemed irrelevant or collateral to the market value issue and the considerations that customarily pertain to its just resolution. Although it preferred the so-called "minority rule,” the
 
 Willsey
 
 court held it was unnecessary to determine whether to adopt that rule since, on the facts of that case, the "intermediate” test, "the most stringent rule which can justifiably be applied,” was met
 
 (Willsey v Kansas City Power,
 
 6 Kan App 2d, at 611, 631 P2d, at 278,
 
 supra).
 

 Recently, Florida, California and Kansas reaffirmed that reasonableness is not a factor in determining whether consequential damages may be awarded for a diminution or elimination of market value due to a fear of health risks from exposure to power lines. In
 
 Florida Power & Light Co. v Jennings
 
 (518 So 2d 895,
 
 supra),
 
 the Supreme Court of Florida held the "public’s Tear’ as a factor which may be relevant to the issue of just compensation may be utilized as a basis for an expert’s valuation opinion regardless of whether this fear is objectively reasonable.” In
 
 San Diego Gas & Elec. Co. v Daley
 
 (205 Cal App 3d 1334, 1349, 253 Cal Rptr 144, 152,
 
 supra),
 
 the California Court of Appeal added that "the question was whether the fear of the danger existed and would affect market value” in holding that reasonableness is not a factor that need be considered.
 

 We, of course, do not hold that claimants are relieved from giving any proof to establish their claims and just compensation damages. Rather, claimants must still establish some prevalent perception of a danger emanating from the objectionable condition. As the
 
 Ryan
 
 court noted, "no witness, whether expert or non-expert, may use his or her personal fear as a basis for testifying about fear in the marketplace. However, any other evidence that fear exists in the public about the dangers of high voltage lines is admissible”
 
 (Ryan v
 
 
 *654
 

 Kansas Power & Light Co.,
 
 249 Kan 1, 7, 815 P2d 528, 533-534,
 
 supra).
 
 This standard protects, as a countermeasure, the legitimate municipal concern against spurious claims and unjust encroachments against the public treasury. Some credible, tangible evidence that a fear is prevalent must be presented to prove the adverse market value impact. Claimants should have to connect the market value diminution of the property to the particular fear in much the same manner that any other adverse market effects are shown, e.g., by proffering evidence that the market value of property across which power lines have been built has been negatively affected in relation to comparable properties across which no power lines have been built
 
 (see generally, 4
 
 Nichols, Eminent Domain § 12.02 [Sackman 3d ed 1993]).
 

 To add the extra component of reasonableness, as PASNY urges, because the condition may not be something within common knowledge or experience, like an obscured lovely landscape view, is not supportable or necessary. Thus, while a personal or quirky fear or perception is not proof enough, the public’s or the market’s relatively more prevalent perception should suffice, scientific certitude or reasonableness notwithstanding.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Court of Claims for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Smith concur; Judge Levine taking no part.
 

 Order reversed, etc.