■ JOANNE Z. DEMARCO et al., Respondents, v STATE OF NEW YORK, Defendant, and POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant. (Action No. 1.) PAUL MIELKE, Respondent, v STATE OF NEW YORK, Defendant, and POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant. (Action No. 2.) VINCENT LEWIS et al., Respondents, v STATE OF NEW YORK, Defendant, and POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant. (Action No. 3.) DON ZAPPAVIGNA, Respondent, v STATE OF NEW YORK, Defendant, and POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant. (Action No. 4.) [622 NYS2d 58] —In four condemnation proceedings which were joined for trial, the defendant Power Authority of the State of New York appeals from (1) an "additional judgment" of the Court of Claims (McCabe, J.), dated April 16, 1991, which is in favor of the claimants, Joanne Zappavigna DeMarco and Donna Zappavigna Vaccari, d/b/a Greentree Real Estate Co., and against it in the principal sum of $6,148.45, (2) an "additional judgment" of the same court, also dated April 16, 1991, which is in favor of the claimant, Paul Mielke, and against it in the principal sum of $11,640.42, (3) an "additional judgment" of the same court, also dated April 16, 1991, which is in

favor of the claimants, Vincent Lewis, Stephanie Lewis, and Ronald S. Lewis, and against it in the principal sum of $11,334.74, (4) an "additional judgment" of the same court, dated April 15, 1991, which is in favor of the claimant, Don Zappavigna, and against it in the principal sum of $14,112.68, and (5) from so much of an order of the same court, dated July 12, 1991, as upon reargument, adhered to its prior determinations which resulted in the "additional judgments" dated April 15, 1991, and April 16, 1991.

Ordered that the appeals from the additional judgments dated April 15, 1991, and April 16, 1991, are dismissed, as those judgments were superseded by the order dated July 12, 1991, made upon reargument; and it is further,

Ordered that the order dated July 12, 1991, is modified, on the law and the facts, by deleting the provision thereof which provides that upon reargument the court adheres to its original determinations, and substituting therefor a provision (a) reducing the additional judgment in favor of Joanne Zappavigna DeMarco and Donna Zappavigna Vaccari, d/b/a Greentree Real Estate Co., from the principal sum of $6,148.45 to the sum of $3,685.43, (b) reducing the additional judgment in favor of Paul Mielke from the principal sum of $11,640.42 to the sum of $10,809.07, (c) reducing the additional judgment in favor of Vincent Lewis, Stephanie Lewis and Ronald S. Lewis from the principal sum of $11,334.74 to the sum of $8,867.87, and (d) reducing the additional judgment in favor of Don Zappavigna from the principal sum of $14,112.68 to the sum of $9,019.02; as so modified the order is affirmed insofar as appealed from, and the matters are remitted to the Court of Claims for the entry of appropriate amended judgments; and it is further,

Ordered that the Power Authority of the State of New York is awarded one bill of costs payable by the respondents.

The "additional judgments" which are the subject of this appeal arose in connection with condemnation proceedings in which the claimants were awarded damages as a result of the appropriation of their property by the State of New York *(see, DeMarco v State of New York,* 211 AD2d 612 [decided herewith]).

We conclude that the award for appraiser's fees to Joanne Zappavigna DeMarco and Donna Zappavigna Vaccari, d/b/a Greentree Real Estate Co. (hereinafter the DeMarco claimants), and to Don Zappavigna should be substantially reduced as the appraisals were largely duplicative of the property appraisals in a previous trial *(see, Zappavigna v State of New*

*York*, 186 AD2d 557), insofar as the appraiser addressed the factors of highest and best value, comparables, cancerphobia, and negative view *(see,* EDPL 701; *Hakes v State of New York*, 81 NY2d 392).

The award for attorney's fees in each case was based, in part, on a retainer agreement which provided for a fee of one-third of any award in excess of the original offer of the Power Authority of the State of New York. Pursuant to Court of Claims Act § 20 (9), when an advance payment is made, before paying the judgment the Comptroller must first "deduct from the total amount awarded as principal and interest the amount of principal paid under the terms of the partial payment offer and all interest thereon". We therefore find that the court should have credited the amounts previously paid to the claimants under the advance payment agreements before calculating the attorney fee award. We have reduced the fees accordingly.

Accordingly, the additional judgments granting the claimants appraisal fees and attorney fees pursuant to EDPL 701 are modified, as follows: (1) the award for appraisal fees to the DeMarco claimants is reduced from $4,625 to $2,312, and the award for attorney's fees based on the retainer agreement should be reduced from $523.45 to $373.43; (2) the award for appraisal fees to Don Zappavigna is reduced from $4,625 to $2,312, and the award for attorney's fees based on the retainer agreement is reduced from $8,487.68 to $5,707.02; (3) the award for attorney's fees to Vincent Lewis, Stephanie Lewis, and Ronald S. Lewis, based on the retainer agreement is from $5,709.74 to $3,242.87; and (4) the award for attorney's fees based on the retainer agreement to Paul Mielke is reduced from $6,015.42 to $5,184.07.

We have considered the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.