■ JOANNE Z. DEMARCO et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Action No. 1.) PAUL MIELKE, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 2.) VINCENT LEWIS et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Action No. 3.) DON ZAPPAVIGNA, Appellant, v STATE OF NEW YORK et al., Respondents. (Action No. 4.) [621 NYS2d 883] —In four condemnation proceedings which were joined for trial, (1) the claimants, Joanne Zappavigna De-Marco and Donna Zappavigna Vaccari, d/b/a Greentree Real Estate Co., appeal, on the ground of inadequacy, from so much

of a judgment of the Court of Claims (McCabe, J.), dated December 21, 1990, as, after a nonjury trial, is in their favor and against the defendant, in the principal sum of $1,895, (2) the claimant, Paul Mielke, appeals, on the ground of inadequacy, from so much of a judgment of the same court, dated December 21, 1990, as, after a nonjury trial, is in favor of him and against the defendant in the principal sum of $15,647, (3) the claimants, Vincent Lewis, Stephanie Lewis, and Ronald S. Lewis, appeal, on the ground of inadequacy, from so much of a judgment of the same court, also dated December 21, 1990, as, after a nonjury trial, is in favor of them and against the defendant in the principal sum of $23,051, and (4) the claimant, Don Zappavigna, appeals, on the ground of inadequacy, from so much of a judgment of the same court, also dated December 21, 1990, as, after a nonjury trial, is in favor of him and against the defendant in the principal sum of $43,262.

Ordered that the judgments are affirmed with one bill of costs payable by the appellants.

On this record we find that the Court of Claims properly rejected the appraisals of the claimants' expert *(see, e.g., Matter of City of New York [Oceanview Terrace],* 42 NY2d 948, 949; *Zappavigna v State of New York,* 186 AD2d 557; *Matter of Rochester Urban Renewal Agency v Lee,* 83 AD2d 770; *Pelino v State of New York,* 50 AD2d 656; *Lawyers Co-op. Publ. Co. v State of New York,* 45 AD2d 927), and properly declined to award consequential damages for negative view or visual pollution *(see, Criscuola v Power Auth.,* 81 NY2d 649; *Niagara Mohawk Power Corp. v Olin,* 138 AD2d 940, 941; *Matter of Niagara Mohawk Power Corp. [Peryea],* 118 AD2d 891, 893).

We have considered the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.