OPINION OF THE COURT
W. Denis Donovan, J.
By this motion, defendant electric utility company seeks summary judgment dismissing the complaint upon ground that no cognizable cause of action is demonstrated.
*809 Plaintiffs claim consequential damages from defendant utility company for a partial taking of value of their formerly owned residence which was located in the vicinity of three parallel high voltage power lines owned and operated by the defendant. The plaintiffs claim that upon the recent sale of the property, they suffered $60,000 damages due to decreased market value occasioned by the current public perception phenomenon that exposure to high voltage power lines either poses or may pose health risks to those in the vicinity of such lines.
In December of 1993, plaintiffs sold their property for $350,000, which was $265,000 more than their purchase price of $85,000 in 1977 but, it is claimed, $60,000 less than they could have realized upon an otherwise fair market value of $410,000 if, as related to them by various brokers, there were not this public perception of health risk.
It appears from the evidence produced here by defendant that the power lines are distanced from the former property by both a public street and another privately owned parcel; they are actually located 315.2 feet, 400.9 feet and 480.8 feet from the nearest boundary of plaintiffs’ former property. The towers that support the lines stand more than 100 feet tall. These lines long preexisted the plaintiffs’ purchase of the property in 1977 and were, in fact, constructed between 1932 and 1961 and modernized between 1970 and 1977. It is not claimed by plaintiffs that defendant has not complied with all applicable standards for electrical and magnetic field emissions established by the New York State Public Service Commission, the sole regulatory agency overseeing electric transmission lines in the State. Nevertheless, plaintiffs have charged the defendant utility with a standing duty to either shield the lines themselves or to wage a public information campaign proving the unreasonableness of the health risk perception to the general public so that fair market values are not impacted.
The motion for summary judgment of dismissal on the grounds set forth below is granted and the complaint is dismissed, there being no material questions of fact or issues of law extant upon these papers.
The two-page complaint, after some necessary factual detail, alleges that at some date or period of time not yet ascertained or ascertainable, the general public began to, and continues to perceive that there is a health risk from exposure to "electro *810 magnetic” emissions from power lines, that the defendant knew or should have known of such perception, could have then taken steps to protect plaintiffs’ property from the impact of the perceptions, took no such steps, and as a result the recent market value of plaintiffs’ property was negatively affected amounting to a partial taking of the property or the value of the property in that plaintiffs suffered damages of a $60,000 loss in the recent sales price finally accepted by them.
The "taking” or disseisin claim of plaintiffs, in the sense that some of the value of the appreciation of their property was taken by defendant or lost to them by virtue of the power lines preexisting their own taking of title does not bear analysis. While it is true that in Criscuola v Power Auth. (81 NY2d 649 [1993]), the Court of Appeals, in formulating the condemnation award to the plaintiff, did allow for depreciation of the plaintiff’s remaining property for this perception when a portion of the property was being condemned as a right-of-way for new power lines and that the plaintiff needn’t be required to prove the reasonableness of the public fear, such is not the case here since there is no new, or for that matter old, taking or disseisin from these plaintiffs themselves.
While it is also true that in Copart Indus. v Consolidated Edison Co. (41 NY2d 564 [1977]), the Court of Appeals recognized that a private nuisance claim could be made out when an otherwise authorized public use was unreasonably, negligently or dangerously carried out (Schmoeger v Algonquin Gas Transmission Co., 802 F Supp 1084 [SD NY 1992]), such is not shown by plaintiffs to be the case here. In fact, since unperceptable to the ordinary senses and there being evidence presented that science is unable to yet conclude whether or not harm from them results, the invasive quality of electrical and magnetic fields as a nuisance, even if shown to reach the plaintiffs’ former property, is fatally impaired.
Collaterally, even as a pure negligence claim, no duty can be ascribed to defendant owing to these plaintiffs when a publicly sanctioned use is carried out in the legally required manner. Nor does there arise a duty on the part of the defendant to wage a public information campaign over the safety and impact on health from the localized emanations of power lines; indeed, as indicated above, there appears to be no evidence of harm or otherwise.
Finally, it is noted that although this is a motion for *811 summary judgment, the plaintiffs have failed to come forward with any evidence in admissible form of diminution in market value other than their own hearsay relation of the advice of one or more unidentified real estate brokers at the time of the marketing and sale of the property. It need not fall to the court to speculate on the motives behind any such advice nor to await actual trial to see if a factual issue in this regard actually exists. It was incumbent on plaintiffs to come forward with that evidence now.
Having concluded as above, it is not necessary to reach the further argument of defendant regarding the primacy or exclusivity of the authority and expertise of the Public Service Commission in this area and the need to have attacked its earlier emission holdings and protocols through CPLR article 78 proceedings, now long past timeliness.
The complaint is dismissed.