In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in Delaware County, for the Purpose of Providing Additional Water for the City of New York. CITY OF NEW YORK, Appellant; CHARLES ALLEN et al., Respondents.

Third Department, May 10, 1956.

*Peter Campbell Brown, Corporation Counsel (Eugene J. Keefe, Seymour B. Quel* and *Robert E. Hugh* of counsel), for appellant.

*Lazarus I. Levine, Herman E. Gottfried* and *Bernard Silverman* for respondents.

ZELLER, J.   In 1946, claimants purchased a dairy farm for $9,000 and continued to operate it as a dairy farm until October, 1947, when all but a small portion of it was acquired by the City of New York by condemnation for water supply purposes. Upon the hearing before the commissioners of appraisal, claimants offered evidence that a sand and gravel pit was situated on part of the farm and that prior to the taking some small sales had been made therefrom.   In a supplemental report, the commissioners fixed the value of the property as a dairy farm, without consideration of the sand and gravel pit, at $30,000 and appraised the sand and gravel deposits separately as worth $22,200.   They explained that they arrived at the latter figure as follows:   The contractor employed by the city exploited the bank after the taking and extracted approximately 122,000 cubic yards from 20 acres of land or a yield of 6,100 cubic yards per acre; approximately 8 acres remain to be exploited which will yield an additional 48,800 cubic yards; this indicates that a total of 170,800 cubic yards of sand and gravel were in the pit at the time of the taking; 13 cents per cubic yard is the fair and reasonable value of the sand and gravel unloaded at the pit; 170,800 cubic yards at the rate of 13 cents per cubic yard result in a total of $22,200.

The award was confirmed by Special Term and the city has appealed.   In our opinion, the commissioners of appraisal adopted an erroneous theory of law by arriving at the value of the sand and gravel pit on a cubic yard basis.   The proper measure of claimant's compensation is the difference between the fair market value of the land before the taking and the fair market value of any part of it remaining after the appropriation. (*Matter of Board of Water Supply of City of N. Y.,* 277 N. Y. 452.)   As a factor bearing upon the question of fair market value, it is proper to consider the deposits of minerals which might tend to enhance value. (*New York City R. R. Co. v. Maloney,* 234 N. Y. 208.)   But an award may not be made for

materials separate from the real estate by multiplying a quantity of materials by a given price. (1 Orgel on Valuation Under Eminent Domain, § 16; *Orleans Co. Quarry Co. v. State of New York,* 172 App. Div. 863, decision amended 173 App. Div. 990.) The proper measure of damage is the market value of the land condemned including deposits rather than the sale price of the total number of units of deposits plus the value of the remainder of the land appropriated.

The property taken was operated as a dairy farm which had some sand and gravel deposits in it. No equipment for the moving of sand and gravel was used by the owners and the amount of sand and gravel sold from the bed was small and the sales irregular. To base an award for the property as a sand and gravel enterprise is to require the city to pay for that which did not exist. To fix an award upon the land condemned as a dairy farm with sand and gravel deposits in it is perfectly proper.

Because there must be a redetermination of this claim we do not pass upon the charge that the award for the entire property, including the sand and gravel pit, is grossly excessive.

The order should be reversed, without costs, award rejected, and the claim referred to new commissioners of appraisal.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order reversed, on the law and facts, without costs, award rejected, and the claim referred to new commissioners of appraisal.