■ DONALD L. SPARKS et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 44929.) — Judgment unanimously modified, on the law and facts, to grant a new trial as to Parcel No. 80, Map No. 2077, and as so modified, affirmed, with costs to claimants. Memorandum: The court properly found that the appropriation of the 56.824 acres of claimants' property (Parcel No. 80, Map No. 2077) not required for the Allegheny Reservoir Project was for State purposes having no necessary relationship to the reservoir, and that therefore the claimants were entitled to be compensated for the marked enhancement of value of this portion of their land caused by the adjoining Allegheny Reservoir Project (see *United States* v. *Reynolds,* 397 U. S. 14, 16, 17; *United States* v. *Miller,* 317 U. S. 369, 376, 377; *United States* v. *959.68 Acres of Land,* 415 F. 2d 401). However, from a review of the evidence it appears that the State's expert improperly excluded any enhancement value for Parcel No. 80 from his appraisal which left for the consideration of the court only the claimants' appraiser's testimony with respect to market value for that parcel and the claimants' appraiser's figures are not justified by the comparable sales set out in his appraisal report. The adjustments of cited comparable sales to the subject premises made by claimants' appraiser are not convincing extrapolations from the comparable sales he lists in his report and upon which he relies. In the absence of a showing of comparable sales reasonably applicable to Parcel 80, there is no expert testimony in the record which would support the values found by the court. ¶ The court's evaluation of the appropriation for the reservoir, Parcels 78, 79 and 334, Maps No. 2006 and 2071 in the amount of $20,500 is supported by the record. ¶ The case should be remitted to the Court of Claims for a new trial on the issue of damages with respect to Parcel 80, Map No. 2077 with consideration to be given the enhancement of value as affected by the adjoining Allegheny Reservoir Project, which was in the process of development at the time of the appropriation. ¶ Upon a retrial the claimants should be permitted to introduce evidence to establish an enhanced value for the existence of borrow deposits upon Parcel 80, but the amount of such enhancement cannot be measured by multiplying the estimated quantity by a given price unit (*Belott* v. *State of New York,* 26 A D 2d 749). The value of the enhancing asset cannot be considered separate from the land itself (*Cross* v. *State of New York,* 36 A D 2d 361). (Appeals from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.