■ WHEATFIELD PROPERTIES Co., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 53985.)—Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: This is an appeal by the State of New York from a judgment of the Court of Claims in favor of claimant, Wheatfield Properties Co., in the sum of $637,548. The award was for direct damages occasioned by the appropriation for highway purposes by the State on March 17, 1970 of 73.868 acres of claimant's real property located principally in the Town of Wheatfield, Niagara County. The claimant's appraiser valued its direct damages at $10,000 an acre, and added the value of a borrow pit at $100,000 for total direct damages of $838,680. The State's appraiser valued the direct damages at $3,000 an acre and itemized the value of the borrow pit at $54,100 for total damages of $275,700. At trial the parties stipulated to the value of the borrow pit as $54,100. Such stipulation, however, purported to value the borrow separately instead of being expressed in terms of the value of the land as enhanced by the borrow. We find that while the borrow pit is compensable, the value of the enhancing asset cannot be considered separate from the land itself unless the mineral deposit is itself the subject of condemnation. The proper damage is measured as the value of the land as enhanced by the mineral deposit *(Sparks v State of New York,* 39 AD2d 822; *Matter of Huie,* 1 AD2d 500). The trial court rejected claimant's approach of appraising the entire 1,310-acre tract for general commercial purpose at $10,000 per acre. The court adopted the State's opinion that the acreage would have four separate highest and best uses. The 73.868-acre taking was entirely within the 683-acre area designated for general industrial development area. Claimant, although finding the highest and best use to be for general commercial purposes, did use four industrial land comparables. These comparables, however, were used as a general indicator for a per acre value

of the entire tract, and the court therefore found the adjustments of little assistance. The court further noted that the largest parcel of this group was four acres—insignificant as compared to 73.868 acres of the taking and the 653-acre industrial area. The trial court nonetheless analyzed and reconsidered the single-parcel sales of industrial properties offered by the claimant's appraiser, and adjusted them downward 15% for size, and 20% for location. Using these adjustments the court arrived at a market value of the 683 acres of subject suitable for industrial use at $6,000 an acre. The court found that the State's industrial sales although not located in the immediate vicinity of the subject were indicative of some evidence of value. The court found the Union Road property to be the most comparable but found that the State's appraiser made no adjustments for location, topography, zoning, rail transportation, drainage, soil and availability of labor. As seen above the court relied upon the claimant's individual sales and using his own downward adjustments for size and location found the value of the industrial land to be $6,000. Thus the court expressly rejected claimant's adjustments to its comparables and there being no basis in the evidence to support the court's downward adjustments, the award cannot stand. Since the trial court did not rely upon the State's comparables and in fact noted its disfavor with the State's lack of adjustments, there exists no basis for determining value in the record before us. At the new trial directed consideration should be limited to industrial comparables and enhancement of the land by the borrow pit. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.