■ In the Matter of the Acquisition of Real Property by the TOWN OF GLENVILLE, Appellant. CLEMENT E. PIOTROWSKI et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered May 31, 1988 in Schenectady County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Desiring to construct a biking and hiking trail, petitioner appropriated a parcel of land owned by Niagara Mohawk Power Corporation and subject to claimants' right to remove sand, gravel and topsoil therefrom. After petitioner served its notice of acquisition, claimants sought damages arising from the appropriation under EDPL 503.

At the trial to determine the value of claimants' interest in the appropriated lands, the parties stipulated that claimants had a right to remove a total of 10,492.93 cubic yards of topsoil. Because claimants had extracted 622.22 cubic yards prior to the appropriation, the net taking amounted to 9,870.71 cubic yards of topsoil. Petitioner's expert testified that the highest and best use of the subject parcel was for agricultural purposes, that its market value was $500 an acre

for a total of $1,000, and that a willing gravel producer would pay 10 cents per cubic yard or approximately $1,000 for claimants' right to remove topsoil therefrom. Claimants' expert testified, and Supreme Court found, the highest and best use of claimants' interest was for excavation of topsoil and that a willing gravel producer would pay $4.50 per cubic yard for claimants' topsoil, said to be of superior quality. Claimants' expert valued claimants' interest at $45,000, a sum arrived at by multiplying the amount of unexcavated topsoil, estimated to be 10,000 cubic yards, by $4.50. Neither party's expert undertook to capitalize the value of claimants' mineral rights. Since it is unclear from Supreme Court's decision, its findings or the record how the court arrived at an award of $43,318.20, we remit for the purpose of having the court provide further explication.

If, as petitioner's appeal suggests, Supreme Court reached its determination by multiplying the price per cubic yard by the number of cubic yards appropriated, the award was incorrectly evaluated. "[A]n award may not be made for materials separate from the real estate by multiplying a quantity of materials by a given price" *(Matter of Huie [City of New York —Allen],* 1 AD2d 500, 501-502). Even where, as here, mineral rights unconnected with the value of the land as a whole are involved, there is "no authority or reason for multiplying the quantity of the deposits by a given profit derived from their extraction and sale" *(Belott v State of New York,* 26 AD2d 749, 750; *see, Sparks v State of New York,* 39 AD2d 822; 4 Nichols, Eminent Domain § 13.22 [2]). As observed in *Belott v State of New York (supra,* at 750), the business value of the claimants' interest is the sole criterion for measuring damages, and that value is to be calculated "by capitalizing the profit pursuant to well-recognized and uniformly used valuation procedures". Because the parties' proof does not lend itself to this kind of calculation, Supreme Court may wish to receive additional proof on this valuation method.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.