■ In the Matter of WILLIAM P. BELL et al., Respondents, v VILLAGE OF POLAND, Appellant. [722 NYS2d 194] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Respondent, Village of Poland, appeals from a judgment of Supreme Court in this condemnation proceeding that awarded compensation to petitioners, William P. Bell and James P. Bell, in the amount of $38,500. The court rejected the appraisals of both parties, and arrived at its determination of value using what it described as a "hybrid-type" approach. The court, however, wholly failed to explain the basis for its determination, nor is its determination supported by evidence in the record (see, Matter of City of New York, 55 NY2d 885, 886; Matter of County of Suffolk v Kalimnios, 275 AD2d 455, 456-457). We cannot make our own findings upon this record because the appraisals submitted by the parties are defective. Petitioners' appraiser concluded that the highest and best use of the property is as a gravel mine. In determining the value of the property, however, he erred in multiplying the amount of gravel appropriated or rendered unmineable by the unit price per cubic yard. It is improper to value the property by "multiplying the estimated quantity by a given price unit" (Sparks v State of New York, 39 AD2d 822); the proper measure of damages is the "value of the land as enhanced by the mineral deposit" (Wheatfield Props. Co. v State of New York, 55 AD2d 1040).

The appraisals submitted by respondent are also flawed. With respect to the first and second appraisals, respondent's appraiser failed to make necessary adjustments to account for differences between the comparable sales of property upon

which he relied and the subject property (*see, Geffen Motors v State of New York,* 33 AD2d 980). The first appraisal is flawed for the further reason that respondent's appraiser failed to include "the necessary facts, figures and calculations to account for [those] adjustments" that he did make (*Matter of County of Dutchess,* 186 AD2d 891, 892). Because both appraisals were flawed and there is no competent proof from which we can determine the value of the property, a new trial must be held (*see, Yaphank Dev. Co. v County of Suffolk,* 203 AD2d 280, 282). (Appeal from Judgment of Supreme Court, Herkimer County, Kirk, J.—Eminent Domain Law.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.