■ In the Matter of MICHAEL NASTASUK, Respondent, v BOARD OF TRUSTEES OF NEW YORK FIRE DEPARTMENT ARTICLE 1-B PENSION FUND et al., Appellants. [734 NYS2d 571] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York Fire Department Article 1-B Pension Fund dated June 23, 1997, which denied the petitioner's application for accidental disability retirement benefits and retired him on ordinary disability, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated May 24, 2000, which granted the petition, annulled the determination, and awarded the petitioner accidental disability retirement benefits.

Ordered that the judgment is affirmed, with costs.

When the Board of Trustees of the New York Fire Department Article 1-B Pension Fund grants ordinary disability retirement benefits based on a tie vote of six to six, as in this case, a reviewing court may not set aside the denial of accidental disability retirement benefits unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident (*see, Matter of Meyer v Board of Trustees*, 90 NY2d 139; *Matter of Nicolosi v Board of Trustees*, 198 AD2d 282). In such a case, the court can annul a determination of the Board of Trustees as a matter of law if it determines that the Board's decision was not supported by credible evidence (*see, Matter of Meyer v Board of Trustees, supra*). Here, the Board of Trustees failed to provide credible evidence that the petitioner's disability was caused by his nonservice-related injuries in 1986 and 1987, and not by the service-related injury occurring in 1993. The petitioner proffered substantial medical evidence demonstrating that his disability was causally related to his service-related injury of February 17, 1993. Further, before the 1993 injury, the petitioner's hand and wrist were asymptomatic for approximately four years, whereas after the injury on February 17, 1993, in which the petitioner's hand and wrist were crushed by a hydraulic lift gate, the petitioner was unable to fully recover. Thus, the Supreme Court properly annulled the determination and granted the petitioner accidental disability retirement benefits. S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.