Amended order, Supreme Court, New York County (Jane Solomon, J.), entered October 4, 2011, after a nonjury trial, which determined that properties formerly owned by claimants and taken by the City of New York by eminent domain should be valued for condemnation purposes as if zoned for district Ml-5, with the exception of claimant Mercedes-Benz Manhattan, Inc.’s property, which should be valued as if zoned for district C6-3, unanimously modified, on the law, to determine that block 706, lot 10 shall be valued, for purposes of compensation in eminent domain, as if zoned C6-4, and otherwise affirmed, without costs.
The trial court correctly found that the retention of an Ml-5 zoning designation as part of the rezoning of the Hudson Yards area for properties condemned for development of a park and boulevard was part of a comprehensive redevelopment plan consisting of the Hudson Yards rezoning, the development of a park and boulevard, the extension of the number 7 subway line, and the property acquisitions, and not for the purpose of artificially depressing their value to make them cheaper to condemn (see Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d 1, 10 [1st Dept 2006]).
The City properly valued these properties based on the Ml-5 designation rather than at the higher designation given to the surrounding properties upon rezoning, because the rezoning *419 was a necessary and integrated element of a comprehensive plan to redevelop the area as a high-density, transit-oriented, mixed-use expansion of the Midtown Central Business District, and the rezoning of properties in the area to a higher zoning designation would not have occurred but for the project (see United States v Miller, 317 US 369, 377 [1943]; Latham Holding Co. v State of New York, 16 NY2d 41 [1965]; Matter of Village of Port Chester [Bologna], 95 AD3d 895, 897 [2d Dept 2012], lv denied 20 NY3d 852 [2012]).
The record supports the court’s finding that, in the absence of the project, the property owned by claimant Mercedes-Benz Manhattan, Inc. would have been rezoned to a zoning designation of C6-3, and not the C6-4 designation that was granted as part of the comprehensive plan.
As the City concedes, under zoning regulations that govern split-zoned properties, block 706, lot 10 must be valued by applying the C6-4 zoning designation that was applicable before the rezoning. Concur—Tom, J.P., Friedman, Sweeny and Feinman, JJ.