■ In the Matter of the Acquisition of Real Property by the STATE OF NEW YORK, Respondent. KKS PROPERTIES, LLC, Appellant. [990 NYS2d 105]—

Stein, J. Appeal from a judgment and an order of the Court of Claims (Weinstein, J.), entered July 10, 2013 and June 27, 2013, which, among other things, in a proceeding pursuant to EDPL articles 4 and 5, determined the compensation due claimant as a result of petitioner's acquisition of certain real property.

Claimant, KKS Properties, LLC, was the owner of a 31.77-acre parcel of real property on New Scotland Road in the Town of Bethlehem, Albany County, which it acquired in January 2006. On May 12, 2006, in conjunction with the construction of an extension of State Route 85—also known as the Slingerlands Bypass (hereinafter the bypass)—petitioner, the State of New York, appropriated a 9.594-acre parcel of claimant's property, which bifurcated the property from north to south, leaving a 3.736-acre parcel to the east of the bypass and an 18.44-acre parcel to the west. The eastern parcel continued to enjoy access from its frontage on New Scotland Road, while access to the western parcel was reduced to a 43-meter conditional right of access, which was encumbered by wetlands, a fire hydrant and road signage. Claimant and petitioner entered into an agreement for an advance payment to claimant in the amount of $718,500 for the appropriated land. However, believing such

compensation to be insufficient, claimant thereafter commenced this proceeding, asserting that the limited access granted to the western parcel of its land had rendered the northernmost 16.04 acres unsuitable for development to its highest and best use, and sought consequential damages of $1,583,000.

After trial, the Court of Claims concluded that claimant had suffered total damages of $532,000 as a result of the taking and petitioner then moved pursuant to EDPL 304 (H) for an order awarding it judgment against claimant for its overpayment. The court thereafter dismissed the claim and entered judgment in favor of petitioner for $304,679.57, which included petitioner's overpayment of $186,500, plus statutory interest. Claimant now appeals.

We reverse. When private property is appropriated for public use, just compensation must be paid, which requires that the owner be placed in the financial position that he or she would have occupied had the property not been taken (*see United States v Reynolds*, 397 US 14, 15-16 [1970]; *United States v Miller*, 317 US 369, 373 [1943]; *Rose Park Place, Inc. v State of New York*, 120 AD3d 8, 8-13 [2014]). Upon a partial taking of real property, an owner is not only entitled to the value of the land taken—i.e., direct damages—but also to consequential damages, which consist of the diminution in value of the owner's remaining land as a result of the taking or the use of the property taken (*see La Briola v State of New York*, 36 NY2d 328, 332 [1975]; *Coldiron Fuel Ctr., Ltd. v State of New York*, 8 AD3d 779, 780 [2004]; *Matter of Saratoga County Sewer Dist. #1 v Gordon*, 101 AD2d 966, 967 [1984]; *see generally Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 421 [2002]). Damages must be measured based upon the fair market value of the property as if it were being put to its highest and best use on the date of the appropriation, whether or not the property was being used in such manner at that time (*see Matter of City of New York [Rudnick]*, 25 NY2d 146, 148-150 [1969]; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988, 989 [2011], *lv denied* 19 NY3d 804 [2012]; *Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 514-515 [2009]; *Chemical Corp. v Town of E. Hampton*, 298 AD2d at 420-421).

Here, as part of a comprehensive rezoning of the town in September 2005, the eastern portion of the subject property (as it existed prior to the taking) was rezoned from residential to hamlet while the western portion was rezoned to commercial

hamlet.[1] At trial, claimant presented the report and testimony of a professional engineer who opined that petitioner's appropriation, and the corresponding restrictions to vehicular and utility access that resulted, severely limited claimant's ability to develop the western portion of its land for its highest and best use. Claimant also presented the appraisal report and testimony of Laurence Farbstein, a licensed real estate appraiser, who opined that the highest and best use of the parcel, both before and after the appropriation, was for commercial development consistent with the zoning requirements. Farbstein valued the land before the taking at $2,360,000 and after the taking at $350,000, thus estimating total direct and consequential damages to be $2,010,000.

On the other hand, petitioner offered the appraisal report and testimony of Jacqueline Conti, a certified general real estate appraiser. Conti's appraisal report misidentified the zoning of claimant's property at the time of the appropriation as residential. Concomitantly, she opined that the highest and best use of the property, both before and after the sale, was for residential development and valued the direct damages for the taking of claimant's property at $211,000. Conti further opined that the value of the entire property before the appropriation was $773,000 and that the value after the appropriation was $574,000; as the differential was less than the direct damages assessed, she concluded that claimant did not suffer any consequential damages.

The Court of Claims declined to consider Farbstein's opinion on valuation, finding that it was unable to engage in meaningful review of his appraisal. The court further found that claimant's property would not have been rezoned absent the bypass extension and concluded that, inasmuch as it was not permitted to take into account any enhancement in value attributable to the reason for the appropriation itself, the highest and best use of the land—both before and after the taking—was for residential development. Relying primarily on Conti's residential comparable sales as a baseline, with some of its own adjustments, and finding that claimant had sustained some consequential damages to the western parcel of its property due to limited access, the court determined that claimant suffered total damages of $532,000 as a result of the taking.

Initially, the Court of Claims properly rejected Farbstein's

1. Both the hamlet and commercial hamlet zoning designations provide for a variety of nonresidential uses—such as business, medical and professional offices, banks, convenience stores, health clubs, theaters, restaurants and other retail businesses—subject to site plan approval.

valuation opinion based upon his failure to use his experience to factor in dollar or percentage adjustments to the comparables he used and explain his calculations (*see Latham Holding Co. v State of New York*, 16 NY2d 41, 45-46 [1965]; *Chester Indus. Park Assoc., L.P. v State of New York*, 103 AD3d 827, 828 [2013], *lv denied* 21 NY3d 856 [2013]; *Matter of County of Dutchess [285 Mill St.]*, 186 AD2d 891, 891-892 [1992]).[2] Nevertheless, we are of the view that the Court of Claims erred in valuing claimant's property based upon residential development as its highest and best use. While it is indeed well settled that a condemnee may not receive an enhanced value for its property when the enhancement can be exclusively attributed to the reason for the taking itself, we find that petitioner failed to demonstrate that "but for" the bypass extension, claimant's property would not have been rezoned (*Matter of City of New York v Zahav LLC*, 106 AD3d 418, 418-419 [2013]; *see Latham Holding Co. v State of New York*, 16 NY2d at 47; *Matter of Queens W. Dev. Corp.*, 289 AD2d 335, 336 [2001]).

The record before us demonstrates that the change in zoning of the subject property—which notably occurred prior to the taking—was part of a comprehensive rezoning of the entire town and included many other parcels zoned with the new hamlet and commercial hamlet designations, both in the area of the bypass extension, as well as areas far removed from that project. Further, George Leveille, who served in several capacities for the town, including as the Director of Planning and Economic Development and staff leader for the promulgation of the comprehensive plan, testified that there had been a longstanding desire to develop a master plan for the community and that the town recognized a need to diversify its tax base to provide for a balance between residential and commercial properties to better support public services. As such, while Leveille stated that the bypass extension was "material" to the rezoning of the subject property, he opined that the extension was only one of many factors considered in the town's enactment of the new zoning ordinance. Accordingly, we find that the court erred in determining that the highest and best use of claimant's property was for residential development[3] and, correspondingly, we

---

2. Indeed, claimant does not challenge such rejection.

3. Notably, the commercial hamlet zoning designation prohibits any residential subdivision and the hamlet zoning designation prohibits major residential subdivisions.

find that the appraisal submitted by petitioner's expert premised on such use was of no probative value.[4]

"The predominant rule in condemnation cases . . . is that [i]n determining an award to an owner of condemned property, the findings must either be within the range of [the] expert testimony, or be supported by other evidence and adequately explained by the court" (*Lerner Pavlick Realty v State of New York*, 98 AD3d 567, 568 [2012] [internal quotation marks and citations omitted]). Here, because the appraisals of both parties' experts were flawed, leaving the trial court—and this Court upon review—without competent proof on which to base its valuation, we are constrained to remit the matter to the Court of Claims for further proceedings to determine the valuation of claimant's property and the calculation of claimant's damages based on the property's highest and best use as hamlet and commercial hamlet lands (*see Matter of Bell v Village of Poland*, 281 AD2d 878, 879 [2001]; *Matter of Iroquois Gas Transmission Sys.*, 226 AD2d 808, 809-810 [1996]; *Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 282 [1994]). In light of our holding, we need not address the parties' remaining contentions.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the judgment and order are reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.

---

4. To the extent that petitioner's appraisal sets forth a post-appropriation value for claimant's property under the "hypothetical condition" that it was zoned commercial, it includes no valuation of the property pre-appropriation and, therefore, contains insufficient information on which to base a calculation of damages.