■ LIFETIME STAINLESS STEEL CORP., Respondent, v. MARLENE HOFFMAN, Appellant.— Order unanimously reversed, with costs, and motion denied. Same memorandum as in *Lifetime Stainless Steel Corp.* v. *Blalock* (33 A D 2d 976). (Appeal from order of Monroe Special Term granting motion for preliminary injunction.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.

■ JOSEPH J. VITALE, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (And Four Other Actions.) (Claim Nos. 44635, 44894, 44895, 44896, 44897.) — Judgment unanimously modified on the law and facts by directing that a new trial be had on the issue of the reasonable value of the concrete batch plant, and as so modified affirmed, with costs. Memorandum: Claimants were denied compensation for a concrete batch plant taken by the State on the grounds that it was not a fixture and was erected after claimants had notice of the impending appropriation. From the trial record it appears that the superstructure of the plant was permanently affixed to concrete piers and a foundation, the concrete substructure was especially designed to house the plant and the value of the plant would be substantially reduced if taken apart and severed from the premises. It also appears that the plant was not a portable one but on the contrary was a permanent installation. The batch plant meets all the requirements for determining its compensability as a fixture as those requirements were recently reviewed by the Court of Appeals in *Rose* v. *State of New York* (24 N Y 2d 80). The range between the State's and claimants' testimony as to the value of the plant and substructure was such however as not to permit a proper determination of value and a new trial is required of that issue. While the claimants started construction of the plant over four months after being notified by the President of the State University College at Geneseo that the State was proceeding with plans to appropriate the property the taking did not actually take place until eight months after claimants began erection of the plant. It is undisputed that claimants have used the plant continuously since its erection as a functionally related extension of their business operations, their use since the taking being pursuant to a lease from the State. Claimants' situation is readily distinguishable from the factual situations, and particularly the obvious efforts to enhance a condemnation award, found in the house planting cases cited by the State, and the record does not support any finding of bad faith. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.