■ In the Matter of the NEW YORK CITY TRANSIT AUTHORITY et al., Respondents-Appellants, Relative to Acquiring Title to Real Property for Route 131-B (Remodified) Section 1, in the Borough of Queens. SUPERIOR REED & RATTAN FURNITURE Co. INC., et al., Appellants-Respondents.—In a condemnation proceeding, the claimants appeal, (1) on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered March 30, 1988, which limited their award to the principal sum of $1,404,500 ($1,086,200 to Malto Realty Corp. for the land and improvements and $318,300 to Superior Reed and Rattan Furniture Co., Inc., for the taking of fixtures), and (2) from an order of the same court, dated July 22, 1988, which denied their motion for additional allowances under EDPL 701, and the City of New York cross-appeals from the judgment.

Ordered that the judgment is affirmed, without costs or disbursements, and it is further,

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination in accordance herewith.

The court properly declined to give the city appraiser's report any probative weight with respect to the value of the land and improvements, since it contained only conclusory estimates and failed to reflect adjustments which were made *(see, Matter of County Dollar Corp. v City of Yonkers,* 97 AD2d 469, 476; *cf., Matter of Stoneleigh Parkway v Assessor of Town of Eastchester,* 73 AD2d 918, 919). Nevertheless, while the court rejected the city's analysis of sales and rental comparables, it did accept the city's analysis of the time adjustments made by the claimant's appraiser, and it accepted the city's 10% increment for plottage. The trial court is not bound by the claimant's opinion testimony even where uncontradicted, provided that its findings have some basis in the evidence and are not predicated on the court's subjective judgment *(Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428; *Vircillo v State of New York,* 24 AD2d 534, 535). We find that the trial court's partial reliance on the testimony of the city's appraiser was warranted, and its findings are based upon the evidence.

The capitalization rate utilized by the trial court was the figure attested to by the claimant's appraiser. The proper capitalization rate is a factual question for the trial court, and the opinion evidence of the appraisers is competent evidence of that rate (Star Plaza v State of New York, 79 AD2d 746, 747). We decline to disturb the trial court's findings in view of the evidence on this issue.

The court properly declined to grant Superior Reed & Rattan Furniture Co., Inc. (hereinafter Superior) any award on certain machinery, work areas and building items. "[A]nnexation, adaptability, and intention of permanence convert machinery into a fixture, regardless of removability" (Matter of City of New York [Lincoln Sq. Slum Clearance Project], 24 Misc 2d 190, 202, mod on other grounds 15 AD2d 153, 156, affd 12 NY2d 1086; see also, Matter of City of New York [Merrimaker Corp.], 51 AD2d 147, 149). Contrary to Superior's claims, there was no evidence that the machinery was specially constructed for the plant or that the building was so specially designed that the excluded items were functionally dependent on the building or other items (see, e.g., Matter of City of New York [Merrimaker Corp.], supra). Instead, the evidence reveals that the machinery, spare parts and work areas were of standard design, they could be used in other forms of manufacturing, and they were relocated from Superior's former place of business. The evidence also reveals that while some items were fastened to the floor, the fastening was only intended to steady the machinery and work areas. In light of this evidence, the trial court properly excluded the claimed items (see, Matter of City of New York [Whitestone Expressway—Hickey Co.], 19 NY2d 904, 906; Matter of City of New York [Whitlock Ave.], 278 NY 276, 281, rearg denied 278 NY 714; Murdock v Gifford, 18 NY 28, 32; Belinky v State of New York, 24 AD2d 908).

Certain building items which had lost their identity by becoming a structural part of the building were also properly excluded by the trial court (see, Marraro v State of New York, 12 NY2d 285, 292). In addition, the court properly determined that an award for the building and office space items would duplicate the award for land and improvements, and that the value of those items lay in the fact that they added to the rental value of the premises (see, Marraro v State of New York, supra; cf., Matter of City of New York [Tompkins Sq. Urban Renewal Project—Fassler], 27 AD2d 810, 811-812). Finally, the fixture award for the crane which Superior altered considerably, and which was particularly adapted to Superi-

or's business, was in all respects proper *(Matter of City of New York [Tompkins Sq. Urban Renewal Project—Fassler], supra)*.

Turning to the claimants' motion for additional allowances, we note that after a decision dated September 24, 1986, was issued with respect to the claimants' award, objections were filed and a hearing on the objections was held on June 3, 1987. The court's decision on the hearing on objections was issued on January 20, 1988, and judgment was entered on March 30, 1988. By virtue of the Laws of 1987 (ch 771), EDPL 701 was amended, effective "immediately" on August 7, 1987 (L 1987, ch 771). On October 8, 1987, during the interim between the court's initial memorandum decision and its determination on the objections, the claimants moved pursuant to the amended EDPL 701 for an additional allowance "for actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees" (EDPL 701). In denying the claimants' motion, the trial court determined that the amendment was not remedial in nature but instead established a new right of recovery, and therefore declined to give the amendment retroactive application *(see,* EDPL 701; *cf.,* EDPL 702). We disagree with this conclusion, and remit the matter to the Supreme Court, Queens County, to enable it to make its discretionary determination pursuant to EDPL 701.

A retroactive statute is one which looks backward or contemplates the past and which is made to affect acts or facts occurring, or rights accruing, before it came in force (McKinney's Cons Laws of NY, Book 1, Statutes § 51). A statute is not retroactive however, when made to apply to future transactions, merely because such transactions relate to and are founded upon antecedent events.

With respect to the court's determination on the retroactivity issue, we note that the right to an additional allowance under either the former or the newly amended EDPL 701 could not possibly accrue until there is an award, order or judgment in the underlying condemnation proceeding *(see,* EDPL 701). Prior to its amendment on August 7, 1987, EDPL former 701 permitted an additional discretionary allowance for the reasonable cost of "expert services" where the order or award in the underlying condemnation proceeding was at least 200% "of the amount of the condemnor's proof" and where the court found that the condemnee bore "extraordinary expenses" for expert witnesses fees *(see,* EDPL former 701). Such an additional allowance was limited to up to 10% of the difference between the order, award or judgment and the "condemnor's proof", not to exceed $10,000 *(see,* EDPL

former 701). The condemnee could not recover the expense of preparing an expert witness's appraisal report for real property and/or fixtures, nor did the former 701 permit recovery for reasonable attorney fees (see, EDPL former 701).

By the Laws of 1987 (ch 771, §§ 1, 2), the Legislature amended both EDPL 701 and 702 (C). EDPL 701 now permits a discretionary additional allowance where the order or award "is substantially in excess of the amount of the condemnor's proof", and such award is deemed necessary by the court for the condemnee to achieve just and adequate compensation (EDPL 701). That section now permits an award of "actual and necessary costs, disbursements and expenses, including reasonable attorney, appraiser and engineer fees" actually incurred by the condemnee (EDPL 701). EDPL 702 (C) was amended by the same law and chapter, to add an additional obligation on the condemnor to pay reasonable "appraiser and engineer fees" incurred in establishing a de facto taking (EDPL 702). EDPL 702 has always permitted recovery for costs, disbursements and expenses including reasonable attorney fees established in a de facto taking.

Thus, by its own definition, EDPL 701 has always provided "Additional allowances" to condemnees in de jure condemnation proceedings after an award, order or judgment. "Parties have no vested rights in costs or allowances—which are always within the power of the Legislature to modify or change —and in every case the amount is to be determined by the law as it stands when the right to the costs and allowances accrues" (Defendorf v Defendorf, 42 App Div 166, 167; see also, Casella v Board of Educ., 21 AD2d 690; Matter of City of New York [Union Turnpike], 154 Misc 455, 461, affd 243 App Div 811, affd 268 NY 681). Contrary to the findings of the Supreme Court, we find that the Legislature's insertion of an attorney fee provision, and its deletion of the prohibition against payment for appraisal reports was a further broadening of, or change in the form of the remedy, rather than the creation of a new right (see, McKinney's Cons Laws of NY, Book 1, Statutes § 55; cf., McKinney's Cons Laws of NY, Book 1, Statutes § 51). Moreover, Laws of 1987 (ch 771) amended both EDPL 701 and 702 (L 1987, ch 771, §§ 1, 2). It appears in the legislative history that the intent was to make the additional allowances and incidental expenses which were already available to condemnees in de jure and de facto condemnation proceedings as comparable as possible except for the fact that generally EDPL 701 remains discretionary while EDPL 702 remains obligatory (see, Governor's approval mem, 1987 NY

Legis Ann, at 262-263; *see also,* L 1987, ch 771, §§ 1, 2). Thus, in addition to broadening the preexisting remedies, the Legislature also amended these provisions to cure their inconsistencies *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 54).

Since the claimants in this case moved for the additional allowance in the interim between the court's initial decision and its ruling on objections, and since their right to such allowances did not accrue until after there was an award, order or judgment, the amended version of EDPL 701 is applicable to their motion. Accordingly, the matter is remitted to the Supreme Court, Queens County, for a new determination on the motion for additional allowances.

We address one further issue which was raised during the hearing on this motion. The record reveals that during the hearing there was some discussion as to whether the term "condemnor's proof" as used in EDPL 701 was intended by the Legislature to refer to the city's initial offer for the fee and fixtures, or whether it was intended to refer to the city's proof at trial. The policy behind EDPL article 3 is to ensure that the condemnor, "at all stages prior to or subsequent to an acquisition * * * shall make every reasonable and expeditious effort to justly compensate persons * * * by negotiation and agreement" (EDPL 301). The written offer may not be less than the condemnor's highest approved appraisal (EDPL 303, 304).

One of the purposes of the offer has always been to enable the landowner to obtain compensation for his land without incurring the expense and annoyance of litigation *(see, City of Syracuse v Stacey,* 45 App Div 260, 261 [former Code Civ Pro]; *see also, Roseton Hills Sewage-Works Corp. v Leitman,* 69 AD2d 834 [former Condemnation Law § 16 (2)]; *see also, Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 86 AD2d 767). The legislative history concerning the amendment to EDPL 701 explicitly states that the purpose of the enactment is to "assure that property owners whose properties have been substantially undervalued will not have to bear costly litigation expenses for proving the inadequacy of a condemnor's offer", and to ensure that they will not forego their constitutional and statutory right to receive just compensation *(see,* Governor's approval mem, 1987 NY Legis Ann, at 263; *see also, Long Is. Pine Barrens Water Corp. v State of New York,* 144 Misc 2d 665, 669). Thus, the only interpretation which would fulfill the legislative intent of the amendment, and the policy of the EDPL, is that the city's initial offer,

rather than its trial proof, be utilized for comparison purposes.

We have considered the parties remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.