■ GEROSA INCORPORATED, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 70129.)—Judgment of the Court of Claims (Adolph C. Orlando, J.), entered December 19, 1990, which, *inter alia,* awarded claimant the amount of $2,423,717.32 on claim number 70129, unanimously affirmed, without costs.

Claimant owns property which fronts on the Harlem River, improved with a dock and bulkhead. Located on the property are a building containing a garage, paint shops and crane shops on the lower level and offices on the upper level, and a main yard which is comprised of monolithic slabs of concrete averaging 11 inches in thickness for the support of extremely heavy loads. The facility was designed for crane operation, heavy-duty hauling and off-loading from barges. The site is utilized by Gerosa Incorporated for haulage and crane service operations.

Under its power of eminent domain, the State appropriated 6,033 square feet of land and imposed a temporary easement which, together, resulted in loss of access to the riverfront and a reduction in the area of the paved yard. The appropriation was made in connection with the "Full Freight Access Program South Bronx—Oak Point Link". The Court of Claims awarded damages of $1,502,000 based upon a diminution in the value of the land, building improvements and site improvements, together with $7,000 for temporary occupancy

(which amount is not in dispute) and interest from August 19, 1983. The State appeals the court's finding that the value of the building was reduced by $552,000 as a result of the taking, arguing that the building was unaffected by the appropriation and that, in any event, there was no range of values, presented by the expert testimony, from which the court could have assigned to the building the value that it did. Claimant cross-appeals, advancing as error the court's failure to value the property as a special use facility using the reproduction cost method. We find no merit to either argument.

The facility continues be used for the same purpose as before the taking. Contrary to claimant's contention, it does not qualify as a specialty property *(Matter of County of Nassau [Colony Beach Club]*, 43 AD2d 45, 49, *affd* 39 NY2d 958). The court properly noted that the sporadic use of the waterfront over the years was not sufficient to render the property a specialty and that, although the facility was designed to take advantage of both the road frontage and the waterways to accommodate heavy machinery, the structures are still in existence and the business remains an ongoing concern. The court further found there to be a market for the property as an industrial parcel with access to the roadways.

As to the damages awarded, "the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court" *(Matter of City of New York [Reiss]*, 55 NY2d 885, 886). The Court of Claims found that the appraisal by defendant's expert seriously undervalued the property. Significantly, a prior appraisal, prepared by the same expert, dated December 1, 1982, places a higher value on the building than the later appraisal utilized by defendant to determine claimant's damages. Therefore, the court's findings fall within the range of the expert testimony *(Matter of Saratoga County Sewer Dist. #1 v Gordon,* 101 AD2d 966).

It is clear that the loss of access to the riverfront has resulted in limitations upon the use of the remaining property. Specifically, it is no longer possible to use the facility to haul large transformers for Con Edison and other heavy items which arrive by barge. Claimant is entitled to be compensated for the diminution in the utility of the facility resulting from the restriction in access *(Matter of Saratoga County Sewer Dist. #1 v Gordon, supra).* Concur—Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.