■ HAROLD J. JONAS et al., Appellants, v POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent, et al., Defendant. [620 NYS2d 991] —In a claim for damages resulting from a condemnation, the claimants appeal, on the grounds of inadequacy, as limited by their brief, from so much of a judgment of the Court of Claims (McCabe, J.), dated July 22, 1991, as, after a nonjury trial, awarded them the principal sum of $41,477, consisting of direct damages, and denied their claim for consequential damages for the partial taking of their property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1986, the State of New York, on behalf of the Power Authority of the State of New York (hereinafter PASNY) acquired portions of the claimants' approximately 344-acre property in Goshen by power of eminent domain for the construction of a power line referred to as the Marcy South Transmission Line. Following a trial, the Court of Claims awarded the claimants $41,477 in direct damages and denied their claim for consequential damages.

We find that the Court of Claims properly declined to award the claimants consequential damages for, among other things, "negative view", "cancerphobia", and noise pollution. The claimants failed to demonstrate that the market value of property adjacent to or near land upon which power lines have been built was diminished by such factors in relation to comparable properties which are not adjacent to or near power lines *(see, Criscuola v Power Auth.*, 81 NY2d 649, 654; *Niagara Mohawk Power Corp. v Olin*, 138 AD2d 940, 941; *Matter of Niagara Mohawk Power Corp. (Peryea)*, 118 AD2d 891, 893).

The claimants contend that the trial court erred in precluding them from offering evidence relating to the reasonableness of the public fear of health risks from exposure to high-voltage power lines. However, in light of the decision in *Criscuola v Power Auth. (supra)*, that it is not necessary to prove the

reasonableness of the public fear in order to establish a diminishment in market value, the preclusion of such evidence was not error.

With respect to the direct damages, we find that, contrary to the claimants' contention, the trial court's determination of the value of the acreage and of the "cut, trim, and remove" easement was within the range of expert testimony (see, *Matter of City of New York [Reiss]*, 55 NY2d 885; *City of Batavia v Bolas*, 174 AD2d 993; *City of Buffalo v Goldman*, 63 AD2d 828, 829; *Kommit v State of New York*, 60 AD2d 945).

We have considered the claimants' remaining contentions and find them to be without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.