■ In the Matter of TOWN OF ISLIP, Appellant-Respondent, v JEAN SIKORA, Respondent-Appellant. [632 NYS2d 160] —In an eminent domain proceeding, the petitioner Town of Islip ap-

peals from (1) an order of the Supreme Court, Suffolk County (Balbach, J.H.O.), dated December 21, 1993, which, upon a decision after a nonjury trial that the value of the claimant's property was $748,129, and the claimant's motion for an additional allowance pursuant to EDPL 701, awarded the claimant an additional allowance of $35,000, and (2) a judgment of the same court, entered January 7, 1994, which is in favor of the claimant and against it in the principal sum of $748,129 and an additional allowance of $35,000. The claimant cross-appeals, on the ground of inadequacy, from the order and the judgment.

Ordered that the appeal and cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding Jean Sikora the principal sum of $748,129 and an additional allowance of $35,000, and substituting therefor provisions awarding her the principal sum of $754,207, and an additional allowance of $36,019; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross-appeal from the intermediate order must be dismissed because the right of direct appeal and cross-appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and cross-appeal from the order are brought up for review and have been considered on appeal from the judgment.

The claimant is the pre-condemnation owner of property located in the Town of Islip. The claimant sued for damages of $1,050,000, and the Town claimed that the damages were $563,000. After a condemnation trial, the court rejected the evidence proffered by the Town that the highest and best use of the property would continue to be for industrial purposes and adopted the claimant's proof that in light of the property's proximity to a major hospital and ancillary medical businesses, the highest and best use of the property would actually be for medical purposes. Properly accounting for the cost of converting the property from industrial to medical use, the court awarded the claimant $748,129, which was $178,129 above the Town's advance payment. The claimant moved, after the trial, for an additional allowance under EDPL 701, totalling $68,579 for counsel and appraisal fees. The court awarded the claimant an additional $35,000.

"In determining an award to an owner of condemned prop-

erty, the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court" *(Matter of City of New York [Reiss], 55 NY2d 885, 886; see also, Jonas v Power Auth., 210 AD2d 453; Gold-Mark 35 Assocs. v State of New York, 210 AD2d 377; Ingber v State of New York, 187 AD2d 826, 829; Gerosa Inc. v State of New York, 180 AD2d 552, 553).* Here, the court's determination that the value of the land was $748,129 was within the range of the claimant's expert who valued it at $1,050,000 and that of the Town's expert who valued it at $563,000. Moreover, the court's explanation of its determination was supported by evidence to the effect that many of the comparables were, in varying degrees, dissimilar to the subject property. Accordingly, the court's determination should be given deference *(see, Yonkers City Post No. 1666 v Josanth Realty Corp., 67 NY2d 1029, 1031; Matter of County of Dutchess v Dutchess County Indus. Dev. Agency, 213 AD2d 635; Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], 160 AD2d 705; cf., Matter of City of New York v Estate of Levine, 196 AD2d 654, 655; Zappavigna v State of New York, 186 AD2d 557, 560).* We modify the judgment in this respect only insofar as the court made a mathematical error. In computing the average value of the comparable properties it considered, the court stated the value of the first comparable property, number six in the report prepared by the Town's appraiser, as $57.54 per square foot, when the correct appraisal for this property was $59.54. Accordingly we have utilized the correct figure to compute an average square foot value of the five relevant comparables for purposes of calculating the value per square foot of the subject property. The correct figure is $1,362,047, from which we subtract the conversion cost of $607,840, to arrive at a total principal award of $754,207, from which we further subtract the $570,000 payment previously made by the Town, for a total net award of $184,207.

EDPL 701 "assures that a condemnee receives a fair recovery by providing an opportunity for condemnees whose property has been substantially undervalued to recover the costs of litigation establishing the inadequacy of the condemnor's offer" *(Hakes v State of New York, 81 NY2d 392, 397; see also, Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], 160 AD2d 705, 708, supra).* It also vests the trial court with discretion, "in order to limit both the incentive for frivolous litigation and the cost of acquiring land through eminent domain" *(Hakes v State of New York, supra, at 397).* The Legislature's determination to allow such fees and costs "merely allows a court in condemnation cases to ameliorate

the condemnee's costs in cases it considers appropriate" *(Hakes v State of New York, supra,* at 398). We agree with the trial court that the actual value of the property which we have recomputed to be $754,207 is substantially in excess of the condemnor's proof at trial of $550,000, and the fees and disbursements were actual and necessary to obtain just compensation *(see, Matter of Town of Riverhead v Lobozzo,* 207 AD2d 790; *Zappavigna v State of New York,* 186 AD2d, *supra,* at 557; *Scuderi v State of New York,* 184 AD2d 1073; *Karas v State of New York,* 169 AD2d 816). However, while we agree that the trial court properly exercised its discretion in making an additional allowance *(see, Hakes v State of New York, supra,* at 398), it did so based upon incorrect figures. Therefore, we find that a new additional award should be made reflecting the increased value of the property. Rather than remitting the matter for the trial court to do so, we have increased the claimant's additional allowance by recalculating her counsel fee award to reflect the increased principal award.

We further find that the claimant has failed to demonstrate that the presumptively reasonable statutory rate of 6% was so unreasonably low as to constitute unjust compensation *(see,* General Municipal Law § 3-a [2]; *Adventurers Whitestone Corp. v City of New York,* 65 NY2d 83, 87; *Matter of City of New York v Estate of Levine,* 196 AD2d 654, 655, *supra; cf., Matter of City of New York [Brookfield Refrig. Corp.],* 58 NY2d 532, 537).

We note the claimant's contentions that the court erred insofar as it deducted a flat cost of conversion from all five comparable properties it considered when several of the comparable properties had not been converted to medical uses. In her brief, the claimant suggests that any one of three different valuation methodologies would lead to a more logical result. However, this matter was never raised before the trial court, which was thus not afforded an opportunity to consider the claimant's allegedly preferable valuation methodologies. Accordingly, insofar as this matter was not properly preserved for appellate review and interjects new facts and theories for the first time on appeal, we decline to pick and choose from among the claimant's proposed alternative conversion valuation methodologies.

We have considered the parties' remaining contentions and find them to be without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.