■ In the Matter of Town of Islip, Appellant, v Mustamed Associates, Inc., Respondent. [636 NYS2d 84] —In an eminent domain proceeding, the petitioner Town of Islip appeals, as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Suffolk County (Balbach, J.H.O.), dated May 4, 1994, which, *inter alia,* after a nonjury trial, awarded the claimant the principal sum of $561,000, less any advance payments previously made by the Town of Islip.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"In determining an award to an owner of condemned property, the findings must be either within the range of the expert testimony or be supported by other evidence and adequately explained by the court" *(Matter of City of New York [Reiss],* 55 NY2d 885, 886; *see also, Matter of Town of Islip v Sikora,* 220 AD2d 434; *Matter of County of Dutchess v Dutchess County Indus. Dev. Agency,* 213 AD2d 635; *Jonas v Power Auth.,* 210 AD2d 453; *Gold-Mark 35 Assocs. v State of New York,* 210 AD2d 377; *Ingber v State of New York,* 187 AD2d 826, 829; *Gerosa, Inc. v State of New York,* 180 AD2d 552, 553). Here, the trial court's determination that the land's value was $561,000 was within the range set by the claimant's expert on the one hand, i.e. $561,800, and by the Town's expert on the other, i.e. $436,500. Moreover, the trial court's explanation of its deter-

mination was supported, *inter alia,* by evidence to the effect that many of the comparable properties cited by the Town were, in varying degrees, dissimilar to the subject property. Accordingly, the trial court's assessment must be given deference *(see, Yonkers City Post No. 1666, v Josanth Realty Corp.,* 67 NY2d 1029, 1031; *Matter of Town of Islip v Sikora, supra; Matter of County of Dutchess v Dutchess County Indus. Dev. Agency, supra; Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705).

The trial court properly accepted the capitalization rate established by the claimant's appraiser. The proper capitalization rate is a factual question for the trial court, and the opinion evidence of the appraisers is competent evidence of that rate *(see, Matter of County of Dutchess v Dutchess County Indus. Dev. Agency, supra; Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.], supra,* at 706; *Matter of Burke Apts. v Swan,* 137 AD2d 321, 325; *Star Plaza v State of New York,* 79 AD2d 746, 747; *Kurnick v State of New York,* 54 AD2d 1098; *see also, Matter of City of Rochester v Lubelle,* 174 AD2d 1000). We decline to disturb the trial court's findings in view of the evidence adduced on this issue.

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Altman, Friedmann and Florio, JJ., concur.