■ 627 SMITH ST. CORP. et al., Respondents, v BUREAU OF WASTE DISPOSAL OF THE DEPARTMENT OF SANITATION OF THE CITY OF NEW YORK, Appellant, et al., Defendant. [735 NYS2d 555] —In an action to recover damages for, inter alia, inverse condemnation, the defendant Bureau of Waste Disposal of the Department of Sanitation of the City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Rappaport, J.), dated August 2, 2000, as, after a nonjury trial, is in favor of the plaintiffs and against it in the principal sum of $775,200 for inverse condemnation and $245,319.26 for an attorney's fee pursuant to EDPL 702 (C).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs own interests in premises known as 627 Smith Street in Brooklyn. The premises adjoins and fronts on the Gowanus Canal, a navigable waterway. Across the canal, the appellant owns and operates a sanitation waste disposal plant known as the Hamilton Avenue Marine Transfer Station (hereinafter the Transfer Station). In the operation of that facility, the appellant places waste and refuse on barges which are then towed by tugboat out of the canal to other locations for final disposal. In 1988, the plaintiffs commenced the instant action, alleging that because of the operation of the barges and tugboats, a bulkhead and associated structures fronting their portion of the Canal were destroyed. Subsequently, the plaintiffs amended their complaint to assert claims of de facto appropriation or inverse condemnation of their riparian rights.

The Supreme Court properly determined that the appellant engaged in a de facto appropriation or inverse condemnation of the plaintiffs' riparian rights. A finding of de facto appropria-

tion or inverse condemnation, "is based on showing that the government has intruded onto the * * * property and interfered with the owner's property rights to such a degree that the conduct amounts to a constitutional taking requiring the government to purchase the property from the owner" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357). Among a landowner's riparian rights is the right of access to a navigable river or body of water which the land abuts, including a right to erect and maintain wharves and piers with the right of passage to and from them with reasonable safety and convenience (*see, Hinkley v State of New York,* 234 NY 309, 317-318; *Saunders v New York Cent. & Hudson Riv. R. R. Co.,* 144 NY 75, 87; *Town of Hempstead v Oceanside Yacht Harbor,* 38 AD2d 263, *affd* 32 NY2d 859). Such rights cannot be taken or damaged for the public use without just compensation (*see, City of New York v Wilson & Co.,* 278 NY 86, 102-103). Here, the evidence at trial established that in the operation of the Transfer Station, tugboats would tow two barges in tandem into the canal such that the barges would either strike the plaintiffs' bulkhead, or come so close as to prevent the plaintiffs from providing a vessel safe berth along their portion of the canal. Such maneuvering of the appellant's barges would occur several times per day, six days per week. Furthermore, there was evidence indicating that the plaintiffs attempted to repair the bulkhead along their portion of the canal only to have such repairs thwarted by the appellant's maneuvering of its barges. Based on this evidence, the Supreme Court properly concluded that the appellant's activity effectively denied the plaintiffs their riparian right to access the canal.

We also reject the appellant's contention that the Supreme Court erred in determining the value of the riparian rights taken. As a general proposition, the measure of damages in partial taking cases is the difference between the value of the whole before the taking and the value of the remainder after the taking (*see, Diocese of Buffalo v State of New York,* 24 NY2d 320; *Matter of Nassau County,* 278 AD2d 236). Also, the measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the condemnee is so using the property at the time (*see, Matter of City of New York [Franklin Record Ctr.],* 59 NY2d 57, 61; *Matter of Town of Islip [Mascioli],* 49 NY2d 354, 360). Here, the Supreme Court's valuation of the riparian rights was based on the sale of similar properties representing properties with riparian rights (before the taking), and without riparian rights (after the taking). In addition, the Supreme Court's valuation of the riparian rights was

within the range of that provided by the parties' experts, and was adequately explained by the court. Thus, the Supreme Court's valuation must be given deference (*see, Matter of City of New York [Reiss],* 55 NY2d 885, 886; *Matter of Town of Islip v Mustamed Assocs.,* 222 AD2d 682).

Finally, we find no merit to the appellant's contention that the Supreme Court erred in basing its award of an attorney's fee pursuant to EDPL 702 (C) on the plaintiffs' retainer agreement with their attorney (*see, Matter of Hoffman v Town of Malta,* 189 AD2d 968; *Meyers v State of New York,* 166 Misc 2d 586). H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.