■ REN'S REALTY, INC., Doing Business as REN'S MOBILE ESTATES, Plaintiff-Appellant, v TOWN OF VIENNA et al., Respondents. [743 NYS2d 644] —Appeal from a judgment and order (one document) of Supreme Court, Oneida County (Shaheen, J.), entered March 20, 2001, which granted defendants summary judgment.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In December 1998 defendant Town of Vienna Board of Trustees (Board) passed an ordinance that prohibited the issuance of any permits for mobile home placement for mobile homes more than five years old at the time of the permit application. In January-February 1999 plaintiff made arrange-

ments with the owner of a mobile home for placement of the owner's mobile home on plaintiff's property. When the prospective tenant was informed by defendant Town of Vienna Zoning Officer that he was not entitled to a permit because his mobile home was more than five years old, plaintiff's counsel wrote to defendant Town of Vienna (Town) to complain that the ordinance was unconstitutional and had resulted in plaintiff's loss of rental income. Plaintiff commenced this action in April 1999 seeking a judgment declaring that the ordinance is "void and unconstitutional" and seeking money damages for the loss of rental income. The Board rescinded the ordinance in June 1999.

Supreme Court properly sua sponte granted defendants summary judgment dismissing the complaint. Plaintiff's request for a declaration became moot once the ordinance was rescinded. With respect to plaintiff's request for money damages, we conclude that no "taking" was shown that would entitle plaintiff to money damages. A taking occurs when there has been an " 'intru[sion] onto the * * * property and interfere[nce] with the owner's property rights to such a degree that the conduct amounts to a constitutional taking requiring the government to purchase the property from the owner' " (*627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y.*, 289 AD2d 472, 473, *appeal dismissed* 98 NY2d 646, quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357; *see Town of Orangetown v Magee*, 88 NY2d 41, 48-49; *Matter of Charles v Diamond*, 41 NY2d 318, 331-332). Here, the ordinance affected only approximately 5 of the 30 spaces in plaintiff's mobile home park and, by plaintiff's own admission, only one or two prospective tenants were turned away during the period in question. Present—Pine, J.P., Wisner, Kehoe, Burns and Lawton, JJ.