■ In the Matter of VILLAGE OF PORT CHESTER, Respondent. WILLIAM D. BRODY, Appellant. [843 NYS2d 337]—

In a condemnation proceeding, the claimant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), entered April 3, 2006, as, upon a decision of the same court entered January 26, 2006, made after a nonjury trial, awarded him the principal sum of only $2,570,000 as just compensation for the taking of his real property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to an urban redevelopment plan, in August 2001 the Village of Port Chester appropriated the subject properties belonging to the claimant, which included property improved with interconnected, multi-story, commercial buildings, and two vacant lots. After a nonjury trial, the court awarded the claimant the principal sum of $2,570,000, which the claimant challenges as inadequate. The Supreme Court found credible the claimant's testimony as to the extensive renovations he performed on the buildings since he purchased the property in 1996, and found the buildings were in good condition at the time of the taking. Moreover, while it noted that neither of the reports by the parties' expert appraisers was "perfect," the court rejected both parties' contention that the other's expert appraiser lacked credibility, and observed with approval that both parties' appraisers had employed the income capitalization methodology. The court nonetheless rejected aspects of both appraisers' reports. First, it found that the record did not support the lump sum reduction of the value of the properties by the potential rental value of portions of the rear buildings that the Village's appraiser erroneously deemed to be "unfinished." Second, the court rejected the separate valuation for the two vacant lots, as propounded by the claimant's appraiser, which he based on the claimant's proposed use of those lots as a multi-story office building with on-site parking. In rejecting this treatment of the two vacant lots, the court found that the claimant failed to demonstrate that such use was reasonably probable. Since the Supreme Court's determination as to valuation was within the range proffered by the parties' appraisers, and thoroughly explained, we decline to disturb it on appeal (*see Broadway Assoc. v State of New York*, 18 AD3d 687, 688 [2005]; *Madowitz v State of New York*, 288 AD2d 442, 443 [2001]; *Estate*

*of Dresner v State of New York,* 262 AD2d 274, 275 [1999]; *Matter of Consolidated Edison Co. of N.Y. v Neptune Assoc.,* 190 AD2d 669, 670 [1993]; *cf. Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.],* 160 AD2d 705 [1990]; *Matter of City of New York,* 94 AD2d 724 [1983], *affd* 61 NY2d 843 [1984]).

Further, although the real estate market in the area encompassed by the Village's urban redevelopment plan, which included the subject properties, was depressed at the time of the taking, the claimant failed to set forth any affirmative conduct by the Village that unreasonably interfered with or further depressed the value of the subject properties sufficient to transform the already disadvantageous market conditions into "condemnation blight" (*City of Buffalo v Clement Co.,* 28 NY2d 241, 254-255 [1971]; *see Samfred Belt Line Corp. v State of New York,* 43 AD2d 62, 65 [1973]; *cf. City of Buffalo v Irish Paper Co.,* 31 AD2d 470, 473 [1969], *affd* 26 NY2d 869 [1970]). Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.