■ In the Matter of TOWN OF EAST HAMPTON [WINDMILL II AFFORDABLE HOUSING PROJECT (9 PARCELS)]. THREE P CORP., Respondent-Appellant; TOWN OF EAST HAMPTON, Appellant-Respondent. [844 NYS2d 113]—

In a condemnation proceeding, the Town of East Hampton appeals from a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered May 9, 2006, which, upon a decision of the same court dated March 6, 2006, made after a nonjury trial, awarded the claimant the principal sum of $253,500 as just compensation for the taking of its real property, and the claimant cross-appeals from the same judgment on the ground of inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

In determining an award to an owner of condemned property, "the findings must either be within the range of the expert testimony or be supported by other evidence and adequately explained by the court" (*Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]; *see Matter of Town of Islip v Sikora*, 220 AD2d 434, 436 [1995]; *Gerosa Inc. v State of New York*, 180 AD2d 552, 553 [1992]). Here, as the Supreme Court's valuation of the condemned property and the incomplete improvement constructed thereon was within the range proffered by the parties' appraisers and adequately explained, we decline to disturb it on appeal (*see Matter of Gelsomino v City of New Rochelle*, 25 AD3d 554, 555 [2006]; *Matter of Town of Islip v Sikora*, 220 AD2d 434 [1995]; *Matter of Town of Islip v Mustamed Assoc.*, 222 AD2d 682 [1995]; *Matter of County of Dutchess v Dutchess County Indus. Dev. Agency*, 213 AD2d 635 [1995]). Furthermore, although the claimant knew, before making improvements upon the property, that the Town of East Hampton had plans to condemn the property, such knowledge, without more, was insufficient to establish that the improvements were constructed in bad faith (*see Vitale v State of New York*, 33 AD2d 977 [1970]; *Champlain Stone & Sand Co. v State of New York*, 142 App Div 94 [1911]; *Matter of Mayor*, 24 App Div 7 [1897]). Miller, J.P., Schmidt, Fisher and Carni, JJ., concur.