■ In the Matter of Board of Commissioners of Great Neck Park District of Town of North Hempstead, Respondent-Appellant, v Kings Point Heights, LLC, Appellant-Respondent. [903 NYS2d 451]—

In a condemnation proceeding, the claimant, Kings Point Heights, LLC, appeals, as limited by its notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (McCabe, J.), entered February 7, 2008, which, upon a decision of the same court dated November 15, 2007, made after a nonjury trial, inter alia, failed to award it severance or consequential damages, and the condemnor, Board of Commissioners of Great Neck Park District of Town of North Hempstead, cross-appeals, as limited by its brief, from stated portions of the same judgment which, among other things, awarded compensation for the taking of underwater lands.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The subject property is located at 100 Kings Point Road and was known as section 1, block 144, part of lots 50 and 51 on the Nassau County Land and Tax Map. The total area of the subject property prior to the taking was 6.243 acres, which included an underwater area accounting for 0.956 acres. The condemned area amounted to 2.388 acres of waterfront property and included the 0.956 underwater area. The area of remainder was 3.822 acres. The subject property was zoned A2 Residential by the Village of Kings Point, with a 40,000-square-foot minimum lot size.

In a resolution dated December 4, 2000, the Village of Kings

Point Planning Board granted final plat approval for the subdivision of the subject property into four parcels. On January 10, 2001, the Great Neck Park District of the Town of North Hempstead (hereinafter the Park District) passed a resolution, after a hearing, to acquire by condemnation certain land for park purposes. Title to the subject property vested in the Park District on May 23, 2001. On June 4, 2001, Kings Point Heights, LLC (hereinafter the claimant), filed a notice of claim, seeking just compensation.

The primary issue on appeal is whether the claimant is entitled to recover consequential or severance damages based on the alleged loss in value of the subdivided property. The condemnor's appraiser concluded that there were no consequential damages, while the claimant's appraiser concluded that the claimant was entitled to consequential damages in the sum of $2,195,000, in addition to direct damages in the sum of $2,950,000.

The measure of damages for a partial taking of real property is the difference between the value of the whole property before the taking and the value of the remainder after the taking (see Diocese of Buffalo v State of New York, 24 NY2d 320 [1969]; Chester Indus. Park Assoc., LLP v State of New York, 65 AD3d 513, 514-515 [2009]; Chemical Corp. v Town of E. Hampton, 298 AD2d 419, 420-421 [2002]). Consequential damages are measured by the difference between the before and after values of the property, less the value of the land and improvements appropriated (see Diocese of Buffalo v State of New York, 24 NY2d 320 [1969]; Chester Indus. Park Assoc., LLP v State of New York, 65 AD3d at 514-515; Chemical Corp. v Town of E. Hampton, 298 AD2d at 420-421). The measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time (see Matter of Rochester Urban Renewal Agency [Patchen Post], 45 NY2d 1, 8 [1978]; Chemical Corp. v Town of E. Hampton, 298 AD2d at 420-421; Matter of County of Suffolk v Kalimnios, 275 AD2d 455 [2000]). "It is widely accepted that a partial taking does not in itself cause a consequential loss . . . Damages for such a loss must be based upon either the opinion of an experienced, knowledgeable expert . . . or on actual market data showing a reduction in the value of the remainder as a result of the appropriation" (Zappavigna v State of New York, 186 AD2d 557, 560 [1992]).

"In determining an award to an owner of condemned property, the findings must either be within the range of the expert testimony or be supported by other evidence and adequately

explained by the court" (*Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982], *on remand* 89 AD2d 894 [1982], *affd* 58 NY2d 817 [1983]; *see Matter of Newtown Cr. Water Pollution Control Plant Upgrade*, 65 AD3d 1241, 1242 [2009]; *Matter of Town of Islip v Mustamed Assoc.*, 222 AD2d 682 [1995]; *Matter of Town of Islip v Sikora*, 220 AD2d 434, 435-436 [1995]). Where the trial court's explanation of its award is supported by the evidence, it is entitled to deference and will not be disturbed on appeal (*see Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d 963, 964 [2007]; *Matter of Village of Port Chester*, 43 AD3d 943, 944 [2007]; *627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y.*, 289 AD2d 472, 474 [2001]; *Matter of Town of Islip v Mustamed Assoc.*, 222 AD2d 682 [1995]; *Matter of Town of Islip v Sikora*, 220 AD2d at 435-436).

Here, it was undisputed that the highest and best use of the property was as a residential subdivision. The claimant's appraiser concluded that having the waterfront parcel utilized as a public park diminished the values of the remaining parcels because it reduced the privacy of those parcels, and the owners of the remaining parcels had no control over the use of the taken property. However, the condemnor's appraiser concluded that the remaining parcels which could be considered part of the same tract (*see Pedersen v State of New York*, 50 AD2d 1004, 1005 [1975]) were enhanced by the existence of the park because it provided the remaining parcels with an unimpeded view of Long Island Sound since there were restrictions on its use.

The Supreme Court concluded that the claimant was entitled to direct damages in the sum of $2,950,000, the value of the condemned property as determined by the claimant's appraiser. However, the Supreme Court agreed with the condemnor's appraiser that the remaining property was enhanced by the existence of a park on the condemned property. Pursuant to New York law, the Supreme Court was precluded from taking that enhanced value into account in rendering the award (*see Matter of City of New York [Consolidated Gas Co. of N.Y.]*, 190 NY 350, 360 [1907]; *Done Holding Co. v State of New York*, 144 AD2d 528, 529 [1988]). As the Supreme Court's damage award was "within the range of the expert testimony" and "adequately explained by the court," there is no reason to disturb it on this appeal (*Matter of City of New York [Reiss]*, 55 NY2d at 886; *see Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d at 964; *Matter of Village of Port Chester*, 43 AD3d at 944; *627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y.*, 289 AD2d at 474;

*Matter of Town of Islip v Mustamed Assoc.*, 222 AD2d at 682-683; *Matter of Town of Islip v Sikora*, 220 AD2d at 435-436).

Contrary to the condemnor's contention, the Supreme Court correctly determined that the claimant held title to underwater land in the Long Island Sound pursuant to letters patent dated 1917 (*see* Public Lands Law §§ 4 and 75). Accordingly, the claimant was entitled to compensation for this land (*see* Public Lands Law § 75 [9]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.