■ In the Matter of VILLAGE OF PORT CHESTER, Appellant-Respondent. DOMINICK D. BOLOGNA et al., Respondents-Appellants. [943 NYS2d 575]—

In a condemnation proceeding, the Village of Port Chester appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Westchester County (LaCava, J.), dated January 20, 2011, which, upon a decision of the same court dated April 2, 2010, made after a nonjury trial, inter alia, awarded the claimants the principal sum of $3,062,000 as just compensation for the taking of the claimants' real property, and the claimants cross-appeal, as limited by their brief, from stated portions of the same judgment on the ground of inadequacy.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This proceeding involves several parcels of real property located in the Village of Port Chester, which the Village acquired by eminent domain for the purpose of a redevelopment project. The claimants filed a claim for just compensation, seeking both direct and consequential damages. After a nonjury trial, the Supreme Court awarded the claimants the sums of $2,850,000 in direct damages and $212,000 in consequential damages. The Village appeals and the claimants cross-appeal from stated portions of the Supreme Court's judgment. We affirm the judgment insofar as appealed and cross-appealed from.

" 'In determining an award to an owner of condemned property, the findings must either be within the range of expert testimony, or be supported by other evidence and adequately explained by the court' " (*Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 515 [2009], quoting *Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]). Here, the Supreme Court's valuation of the condemned properties, and its calculation of consequential damages, were within the range of the expert testimony proffered by the parties' appraisers and adequately explained by the court. Thus, we decline to disturb the Supreme Court's award (*see Matter of Town of E. Hampton*

*[Windmill II Affordable Hous. Project (9 Parcels)]*, 44 AD3d 963, 964 [2007]; *Matter of Village of Port Chester*, 43 AD3d 943, 944 [2007]; *627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y.*, 289 AD2d 472, 474 [2001]; *Matter of Town of Islip v Mustamed Assoc.*, 222 AD2d 682 [1995]; *Matter of Town of Islip v Sikora*, 220 AD2d 434, 435-436 [1995]).

The Supreme Court properly valued the condemned properties as a single economic unit. "To establish the propriety of valuing two separate parcels of property as a single economic unit for the purpose of awarding condemnation damages, 'the property owner must show that the subject parcels are contiguous, and that there is a unity of use and of ownership' " (*90 Front St. Assoc., LLC v State of New York*, 79 AD3d 708, 709 [2010], quoting *Johnson v State of New York*, 10 AD3d 596, 597 [2004]; *see Matter of Town of Brookhaven v Gold*, 89 AD2d 963, 965 [1982]; *Erly Realty Dev. v State of New York*, 43 AD2d 301, 303-304 [1974]; *Guptill Holding Corp. v State of New York*, 20 AD2d 832 [1964]). In this case, the condemned properties were contiguous, and while a variety of individuals and entities held title to them, there was evidence in the record that they agreed to "share equally in the expenses, gains, and losses with respect to the subject parcels" (*Johnson v State of New York*, 10 AD3d at 598). This Court has held that "such joint control over the . . . parcels [is] enough to establish the parties' unity of ownership for valuation purposes" (*id.* at 598; *see Di Bacco v State of New York*, 46 AD2d 461, 463 [1975]; *Erly Realty Dev. v State of New York*, 43 AD2d at 305; *Guptill Holding Corp. v State of New York*, 23 AD2d 434, 437 [1965]; *see also Matter of Metropolitan Transp. Auth.*, 86 AD3d 314, 320 [2011]). Although the Village focuses on the lack of a written agreement between the claimants, "[i]t is established, by abundant authority in this State, that a partnership may exist in reference to the purchase, sale and ownership of lands, and that it may be created by a parol agreement" (*Mattikow v Sudarsky*, 248 NY 404, 406 [1928] [internal quotation marks omitted]; *see Unicorn Enters. v Stonewall Contr. Corp.*, 232 AD2d 404, 405 [1996]; *Blank v Nadler*, 143 AD2d 966, 966-967 [1988]).

The claimants also established unity of use. The record contains testimony as to the claimants' intention and efforts to acquire the properties as an assemblage for the development of a large retail establishment before they had knowledge of a possible condemnation. The record also contains an executed lease (hereinafter the subject lease) between the claimants and Port Chester CVS, LLC (hereinafter CVS), pursuant to which CVS was to construct a new CVS pharmacy (hereinafter the CVS

project). Additionally, the record contains a Village of Port Chester Planning Commission resolution granting final site plan approval for the CVS project. While the subject lease was executed after the Village commenced this condemnation proceeding, the record contains evidence that the lease was a culmination of ongoing negotiations that began well before the Village commenced this proceeding.

We also reject the Village's contention that in determining the highest and best use for the condemned properties, the Supreme Court impermissibly took into account the subject lease since it represented an enhancement in value caused by the properties' inclusion in the Village's redevelopment project. The Village is correct that, in rendering the award, the Supreme Court was precluded from taking into account any enhancement in value caused by the condemned properties' inclusion in the Village's redevelopment project (see United States v Reynolds, 397 US 14 [1970]; United States v Miller, 317 US 369 [1943]; Latham Holding Co. v State of New York, 16 NY2d 41 [1965]; Matter of Queens W. Dev. Corp., 289 AD2d 335, 336 [2001]; Matter of Village of Johnson City [Waldo's, Inc.], 215 AD2d 917 [1995]; Fitzgerald v State of New York, 9 AD2d 486 [1959]). However, the Supreme Court's conclusion that the subject lease did not constitute an enhancement in value attributable to the redevelopment project was within the range of expert testimony. Further, under the rule set forth by the Court of Appeals in Arlen of Nanuet v State of New York (26 NY2d 346 [1970]) and Levin v State of New York (13 NY2d 87 [1963]), the Supreme Court was permitted to accord some weight to the subject lease in valuing the condemned properties.

Finally, under the circumstances of this case, the Supreme Court providently exercised its broad discretion in granting the claimants' request to impose sanctions for the spoliation of evidence to the extent of according an adverse inference with respect to the destruction of the draft appraisal reports prepared by the Village's appraiser (see generally Madkins v State of New York, 82 AD3d 1174, 1174-1175 [2011]; Shayovich v 800 Ocean Parkway Apt. Corp., 77 AD3d 814, 815 [2010]; Gotto v Eusebe-Carter, 69 AD3d 566, 567-568 [2010]).

The parties' remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.