■ In the Matter of VILLAGE OF DOBBS FERRY, Appellant, v STANLEY AVENUE PROPERTIES, INC., Respondent, et al., Respondents. [944 NYS2d 241]—

In a condemnation proceeding, the petitioner, the Village of Dobbs Ferry, appeals from (1) an order of the Supreme Court, Westchester County (LaCava, J.), entered September 14, 2010, which denied its motion to deem, as abandoned under 22 NYCRR 202.48, the compensation award to Stanley Avenue Properties, Inc., described in a decision of the same court (Dickerson, J.), entered November 8, 2007, made after a nonjury trial and granted the cross motion of Stanley Avenue Properties, Inc., pursuant to CPLR 5016 (c) for leave to enter a judgment on the decision entered November 8, 2007, against it and in favor of Stanley Avenue Properties, Inc., in the principal sum of $1,392,750, and (2) a judgment of the same court dated October 5, 2010, which, upon the decision and upon the order, is against it and in favor of Stanley Avenue Properties, Inc., in the principal sum of $1,392,750.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to Stanley Avenue Properties, Inc.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The undeveloped property at issue in this partial-taking condemnation proceeding consisted of 10.11 acres pre-taking, and 7.53 acres post-taking. Both the claimant, Stanley Avenue Properties, Inc. (hereafter Stanley Avenue), and the petitioner, the Village of Dobbs Ferry, agreed that a residential subdivision was the highest and best use of the subject property. At the nonjury trial held in this matter, however, Stanley Avenue and the Village offered opposing evidence as to the density and scope of the subdivision that could be built on the property. The trial court ultimately credited the evidence proffered by Stanley Avenue that it was reasonably probable that the entire 10.11 acres of the subject property could have been developed as a 38-unit subdivision prior to the partial taking, and that the entire remaining 7.53 acres could have been developed as a 21-unit subdivision, and, upon utilizing an average value of the so-called "comparables" offered by the Village's appraiser, issued a condemnation award accordingly.

As a general proposition, the measure of damages for a partial taking of real property is the difference between the value of the whole property before the taking and the value of the remainder after the taking (*see Diocese of Buffalo v State of New York*, 24 NY2d 320, 323 [1969]; *Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 420 [2002]). The measure of damages must reflect the fair market value of the property in its highest and best use regardless of whether the property is being used in that fashion at the time (*see Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d 804 [2010]; *Chemical Corp. v Town of E. Hampton*, 298 AD2d at 420; *627 Smith St. Corp. v Bureau of Waste Disposal of Dept. of Sanitation of City of N.Y.*, 289 AD2d 472, 473 [2001]). It is necessary to show that there is a reasonable possibility that the property's highest and best asserted use could or would have been made within the reasonably near future, and a use which is no more than a speculative or hypothetical arrangement may not be accepted as the basis for an award (*see Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536 [1974]; *Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 281 [1994]; *see also Matter of John Jay Coll. of Criminal Justice of the City Univ. of N.Y.*, 74 AD3d 460 [2010]). Contrary to the Village's contention, we discern no basis to disturb the trial court's determination as to the property's pre- and post-taking highest and best uses (*cf. Matter of City of New York [Rudnick]*, 25 NY2d 146 [1969]).

The Village's contention that the trial court erred in denying its motion to dismiss the compensation award as abandoned pursuant to 22 NYCRR 202.48 is without merit, because there was no direction in the decision after trial to settle or submit judgment on notice, and the relief awarded was solely monetary in nature (*see Funk v Barry*, 89 NY2d 364, 366 [1996]; *Matter of Eckerd Corp. v Burin*, 83 AD3d 1239, 1241 [2011]; *Russo v Russo*, 289 AD2d 467, 468 [2001]).

The Village's remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Roman, JJ., concur. **[Prior Case History: 29 Misc 3d 1205(A), 2010 NY Slip Op 51701(U).]**