■ In the Matter of METROPOLITAN TRANSPORTATION AUTHOR-ITY, Relative to Acquiring Title in Fee Simple for a Commuter Railroad Project Known as the Brewster North Station and Commuter Parking Extension, Appellant. LONGRIDGE ASSOCI-ATES, L.P., Respondent. [997 NYS2d 461]—

In a condemnation proceeding, the condemnor, Metropolitan Transportation Authority, appeals from a judgment of the Supreme Court, Putnam County (Tolbert, J.), entered February 25, 2013, which, upon a decision of the same court (La Cava, J.), dated December 4, 2012, made after a nonjury trial, awarded the claimant damages in the principal sum of $3,675,000.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made after a nonjury trial, this Court's "authority is as broad as that of the trial court," and this Court "may render the judgment it finds warranted by the facts," taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see J. D'Addario & Co., Inc. v Embassy Indus., Inc.*, 83 AD3d 1001, 1002 [2011], *affd* 20 NY3d 113 [2012]; *Matter of Stavisky v Koo*, 54 AD3d 432, 434 [2008]; *Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 675-676 [2007]).

When private property is taken for public use, the condemning authority must "compensate the owner 'so that [the owner] may be put in the same relative position, insofar as this is possible, as if the taking had not occurred' " (*Matter of City of New York [Kaiser Woodcraft Corp.]*, 11 NY3d 353, 359 [2008], quoting *City of Buffalo v Clement Co.*, 28 NY2d 241, 258 [1971]; *see* US Const 5th Amend; NY Const, art I, § 7; *520 E. 81st St. Assoc. v State of New York*, 99 NY2d 43, 47 [2002]; *Rose v State of New York*, 24 NY2d 80, 87 [1969]; *Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d 787, 789 [2013]). "The measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time" (*Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d 804, 805 [2010]; *see Matter of Rochester Urban Renewal Agency [Patchen Post]*, 45 NY2d 1, 8 [1978]; *Matter of Village of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d 955, 956 [2014]; *Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d at 789-790). A property's market value is defined as " 'the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell' " (*936 Second Ave. L.P. v Second Corporate Dev. Co., Inc.*, 10 NY3d 628, 632 [2008], quoting *Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975]; *see W.T. Grant Co. v Srogi*, 52 NY2d 496, 510 [1981]; *Matter of Rochester Urban Renewal Agency [Patchen Post]*, 45 NY2d at 8; *Matter of Western Ramapo Sewer Extension Project*, 120 AD3d 703, 704 [2014]; *Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d at 790). Moreover, "[i]t is necessary to show that there is a reasonable possibility that the property's highest and best asserted use could or would have been made within the reasonably near future, and a use which is no more than a speculative or hypothetical arrangement may not be accepted as the basis for an award" (*Matter of Village of Dobbs Ferry v Stanley Ave. Props., Inc.*, 95 AD3d 1027, 1029 [2012]; *see Matter of Village of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d at 956; *Matter of Metropolitan Transp. Auth.*, 86 AD3d 314, 320 [2011]).

The Supreme Court properly rejected the appraisal submitted by the condemnor, the Metropolitan Transportation Authority (hereinafter MTA), since the evidence demonstrated that the highest and best use of the property was as a retail development, as the claimant's expert concluded, and not as vacant land, as the MTA's expert opined (*see Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535 [1974]; *Matter of Vil-*

*lage of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d at 956-957; *Chester Indus. Park Assoc., L.P. v State of New York*, 103 AD3d 827 [2013]; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988, 989 [2011]).

Having rejected the appraisal set forth by the MTA, the Supreme Court was bound either to accept the claimant's appraisal or explain the basis for any departure (*see Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]; *Matter of Village of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d at 957; *Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d at 990). The Supreme Court properly accepted the claimant's appraisal. The claimant's appraiser sufficiently and credibly explained the basis for his selection of comparable properties and relevant adjustments made to the valuation of these properties. Although the court made certain changes to the final results presented in the claimant's appraisal, it adequately explained its reasons for making those changes (*see Chester Indus. Park Assoc., L.P. v State of New York*, 103 AD3d at 828). The court's determination was therefore within the range of expert testimony and adequately supported by the record (*see Matter of Village of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d at 957; *Chester Indus. Park Assoc., L.P. v State of New York*, 103 AD3d at 828; *Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d at 805-806). Accordingly, the court's determination is entitled to deference and we find no basis to disturb it (*see Matter of Village of Haverstraw [AAA Electricians, Inc.]*, 114 AD3d at 957; *Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d at 791; *Matter of Board of Commr. of Great Neck Park Dist. of Town of N. Hempstead v Kings Point Hgts., LLC*, 74 AD3d at 806).

The MTA's remaining contentions are without merit. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.